Melvin POWELL, Appellant,

v.

STATE of Missouri, Respondent.

No. 29603.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 30, 1979.

Clifford A. Cohen, Public Defender, and L. D. Mayo, Jr., Asst. Public Defender, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen. and Michael Elbein, Asst. Atty. Gen., Jefferson City, for respondent.

Before HIGGINS, Special Judge, Presiding, PRITCHARD, J., and WELBORN, Special Judge.

**38**

PER CURIAM.

On June 5, 1975, Appellant, by jury, was convicted of first degree robbery with sentence affixed at fifty eight years. Upon motion, sentence was reduced to forty years. Appellant's conviction was affirmed on direct appeal, *State v. Powell*, 542 S.W.2d 588 (Mo.App.1976), and reference to that decision makes recitation of the facts herein unnecessary, except where they relate to Appellant's election to represent himself. On May 17, 1977, Appellant filed his motion under Rule 27.26 requesting an evidentiary hearing and vacating of his sentence. On June 9, 1977, the trial court refused an evidentiary hearing and summarily denied relief.

This appeal followed with Appellant raising two points: (1) Did the trial court refuse to poll the jury? If so, does such refusal constitute grounds to vacate the sentence? (2) Did Appellant knowingly and with intelligent understanding validly waive his right to counsel?

■ The record shows the trial court made inquiry as to a poll of the jury on two occasions, which produced irrelevant comments by Appellant. Irrespective of whether the trial court's inquiry of a jury poll was correct or incorrect and in full conformity with Rule 27.01(e), that is not the basic question. There being no violation of Appellant's constitutional rights, either pleaded or proven, this question should have been properly taken up through a direct, timely appeal and not pursuant to Rule 27.26.

■ That Rule 27.26 cannot be used as a substitute for a second appeal is found within the rule itself.

"A proceeding under this Rule ordinarily cannot be used as a substitute for direct appeal involving mere trial errors or as a substitute for a second appeal. Mere trial errors are to be corrected by direct appeal, but trial errors affecting constitutional rights may be raised even though the error could have been raised on appeal."

Appellant's first point is without merit.

Appellant, in his second point, contends he did not validly waive his right to counsel. The record is replete with the conduct of the trial court, counsel and Appellant himself in establishing Appellant, from the very beginning of the proceedings, was aware of the difficulties and problems of self representation.

Hearing was had outside the presence of the jury with Appellant, counsel for Appellant and the prosecuting attorney, where Appellant was asked about his education and familiarity with court proceedings. During this initial hearing and during the entire trial, Appellant was urged to seek and utilize the advice of counsel. Appellant made the repeated choice to disregard the admonishment of the court and counsel and elected to represent himself. Counsel previously appointed for Appellant was requested to remain during the trial and did remain. Counsel previously appointed for Appellant filed motions during the trial on Appellant's behalf.

■ While the waiver of the right to counsel should ever be zealously safeguarded once it is clearly established by the actions of an accused that she or he is freely from any infirmity, duress, influence or any other determining factor brought to the court's attention which renders such waiver suspect, and the accused knew what he was doing, was made aware of the dangers and disadvantages and the choice was made with "eyes wide open", then an accused is free to act as his or her own counsel. *State v. Quinn*, 565 S.W.2d 665 (Mo.App.1978).

■ As has been pointed out, both the trial court and previously appointed counsel repeatedly questioned and advised Appellant herein on the question of self representation, and both also provided guidance to Appellant throughout the trial.

The conduct of the court in this admittedly "ticklish situation" of self representation did nothing to violate the principles of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and further, the actions taken by the trial court in protection of Appellant's rights were well within

the safeguards set forth in *State v. Gaye,* 532 S.W.2d 783 (Mo.App.1975) and *State v. Quinn, supra.*

This court is not unmindful of *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978), but the Supreme Court of this state has prescribed the requirements of *Fields v. State, supra,* are prospective only, hence said requirements are not controlling in this case.

Appellant's second point is without merit.

The order of the trial court as to both issues raised by Appellant is affirmed.