**Melvin POWELL, Appellant,**

v.

**Donald W. WYRICK, Appellee.**

**No. 81–1154.**

United States Court of Appeals, Eighth Circuit.

Submitted June 19, 1981.

Decided Aug. 26, 1981.

1. The Honorable Harry H. MacLaughlin, United States District Judge for the District of Minnesota.

Patrick Lysaught, Kansas City, Mo., for appellant.

John Ashcroft, Atty. Gen., Michael Elbein, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before ROSS, Circuit Judge, GIBSON, Senior Circuit Judge, and ARNOLD, Circuit Judge.

ROSS, Circuit Judge.

■ Melvin Powell, a Missouri state prisoner, appeals from an order of the district court dismissing his habeas corpus petition under 28 U.S.C. § 2254 for failure to exhaust available state remedies. We reverse the judgment of the district court and remand for further proceedings on the merits.[1]

Petitioner Powell was convicted of robbery in the first degree in the circuit court of Jackson County, Missouri. Powell then appealed to the Missouri Court of Appeals and his conviction was affirmed. *State v. Powell*, 542 S.W.2d 588 (Mo.App.1976). Thereafter, Powell filed a motion under the provisions of Mo.R.Crim.P. 27.26, raising two points. First, whether Powell made a knowing and intelligent waiver of counsel, and second, whether Powell was denied due process of law by the court's refusal to poll the jury at the conclusion of the trial. Powell's 27.26 motion was denied by the

Missouri Court of Appeals. *Powell v. State*, 581 S.W.2d 37 (Mo.App.1979).

Powell then requested, pursuant to Mo.R. Civ.P. 83.02, that the court of appeals transfer the case to the Missouri Supreme Court. This request was denied. Petitioner, then, did not apply to the Missouri Supreme Court for the transfer of his case to that court under Mo.R.Civ.P. 83.03 which requires such application be made within 15 days after the court of appeals denies the 83.02 motion. This time period has run in this case; however, Mo.R.Civ.P. 84.08 allows the court to suspend or modify its rules in a particular case upon a showing that "justice so requires." Powell then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Missouri. The district court dismissed Powell's petition without prejudice for failure to exhaust an available state remedy—rule 84.08.

Thus, the question before us on appeal is whether the petitioner has left open an unexhausted avenue of state relief in the form of an out-of-time motion for transfer. More specifically, we must determine whether a rule 84.08 motion must be exhausted before federal relief under § 2254 may be pursued. We hold that under the facts of this case the doctrine of exhaustion does not require that the petitioner make application for such a transfer under rule 84.08, due to the discretionary nature of that rule.

■ 28 U.S.C. § 2254(b) and (c) codify the doctrine of comity by requiring exhaustion of state remedies prior to bringing federal habeas corpus claims. Although comity requires that the state be provided with the initial opportunity to consider the alleged violations of its prisoner's rights, a petitioner is not required to file repetitious or futile applications in state courts. *Rodgers v. Wyrick*, 621 F.2d 921, 924 (8th Cir. 1980). Furthermore, under accepted principles of

---

1. The district court also denied petitioner's motion to amend his habeas corpus petition. We agree with the denial and affirm the district court. The main thrust of the motion to amend seems to be that Powell was denied the right to

file a motion for a new trial; however, both the transcript and the petitioner's state court brief reveal that Powell did file a motion for a new trial and it was subsequently overruled. Thus, we find no merit in petitioner's claim.

comity, the federal courts should defer action only if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him. The doctrine of comity does not require exhaustion where such action would be futile or speculative at most.

 Powell contends that to require the filing of an 84.08 motion would prove to be a futile attempt at state relief, we agree. A petitioner should not be barred from federal relief because there is some mere possibility of success in additional state proceedings. *Rodgers v. Wyrick, supra,* 621 F.2d at 924. Moreover, where the only possibility of the state granting relief in this case is a matter of conjecture, it would be futile for Powell to pursue such a remedy. *Wilwording v. Swenson,* 404 U.S. 249, 252, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971). However, it is well settled that only after some clear manifestation on the record that a state court will refuse to entertain petitioner's claims will the exhaustion requirement be disregarded as futile. *Eaton v. Wyrick,* 528 F.2d 477, 482 (8th Cir. 1975). Such a manifestation is clearly shown on this record. The State of Missouri has not referred us to a single instance where the Missouri courts have granted an out-of-time motion under these circumstances. Our own independent research has revealed that the Missouri Supreme Court has, in fact, denied such a motion in practically all cases. *See, e.g., Triplett v. Wyrick,* 549 F.2d 57, 58 (8th Cir. 1977). This is not a criticism of the Missouri Supreme Court but only a recitation of that court's usual practice in cases such as this.

It is clear from the record in this case that the § 2254 exhaustion requirement should be disregarded as futile due to the discretionary nature of rule 84.08 and the Missouri courts' failure to apply such rule in most cases of this kind. We reverse and remand for a proceeding on the merits.