Aaron ADAIL, Appellant,

v.

Donald WYRICK, Warden, Missouri
Penitentiary, Appellee.

No. 81–1696.

United States Court of Appeals,
Eighth Circuit.

Submitted March 5, 1982.

Decided March 11, 1982.

Gail N. Gaus, Clayton, Mo., for appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before GIBSON, Senior Circuit Judge, and ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Aaron Adail was convicted in St. Louis County Circuit Court in 1977 of four counts of first degree robbery. He appealed alleging that: 1) the trial court erred in admitting witness testimony regarding line-up identification; 2) the trial court erred in denying a motion to suppress the identification on the ground that the line-up was tainted; and 3) the court erred in allowing testimony regarding another crime. The Missouri Court of Appeals affirmed his conviction. *State v. Adail*, 555 S.W.2d 672 (Mo.App.1977). Adail then filed a motion to vacate sentence pursuant to Mo.S.Ct.R. 27.26. In that petition Adail raised allegations of improper jury selection and ineffective assistance of counsel. Following a hearing the 27.26 motion was denied and Adail appealed that decision to the Missouri Court of Appeals. That appeal was also

denied. Adail did not, in the case of either the direct appeal or the rule 27.26 appeal, seek transfer to the Missouri Supreme Court under either Mo.R.Civ.P. 83.02 or 83.-03. Instead, he sought federal habeas relief pursuant to 28 U.S.C. § 2254, including in his allegations the issues raised both in the direct appeal and in the rule 27.26 motion, in addition to an allegation that his rule 27.26 counsel abandoned certain claims on appeal.

The section 2254 petition was referred to a United States magistrate who found that Adail had not exhausted his state remedies on the direct appeal or the collateral attack. The magistrate based his decision on the fact that Adail had not sought transfer to the Missouri Supreme Court under Mo.R. Civ.P. 83.02 or 83.03 and had not sought to file an out-of-time motion under 84.08. He rejected the abandoned claims issue on the ground that Adail was not entitled to effective assistance of counsel in a habeas proceeding.

Adail filed exceptions to the magistrate's recommendations and the magistrate filed a second recommendation specifically addressing a number of issues, some of which related to Adail's ineffective assistance of counsel and improper jury selection claims and some to the alleged abandoned claims.[1]

The district court adopted the first recommendation in part, omitting the portion regarding ineffective assistance of counsel, and the entire second recommendation. The court dismissed without prejudice those claims arising from the direct appeal pending exhaustion of state remedies and dismissed with prejudice the jury selection and ineffective assistance of counsel issues.

This court appointed Adail counsel on appeal. Adail raises the following issues on appeal:

1) whether his constitutional rights were violated by the prosecutor's comment at trial that "all the state's evidence is uncontradicted, there is no evidence to the contrary";

2) whether he was denied effective assistance of counsel in that trial counsel failed to object to that statement and failed to cross-examine Arlee Hayes, a prosecution witness, regarding his identification of Adail during a police line-up;

3) whether his right to trial by jury was violated by the state court's failure to provide him the opportunity to obtain discovery regarding his claim that the petit and grand jury selection process in St. Louis County systematically excluded blacks.

*Exhaustion*

■ The magistrate held in his first recommendation that Adail had not exhausted his state remedies on either the direct appeal issues or the rule 27.26 issues. He reasoned that since, in either case, Adail had not filed a motion to transfer under Mo.R.Civ.P. 83.02 or 83.03 within the statutory time limit, Adail could still file an out-of-time motion under 84.08. That finding is contrary to this court's holding in *Powell v. Wyrick*, 657 F.2d 222 (8th Cir. 1981). The court in *Powell* held that because of the discretionary nature of 84.08 and the Missouri court's past record of seldom granting such motions, the exhaustion doctrine does not require the filing of an untimely motion for transfer under 84.08. Under *Powell*, Adail can be considered to have exhausted his remedies with regard to both the direct appeal and the rule 27.26 issues. The district court erred in dismissing the direct appeal issues without prejudice pending exhaustion of state remedies.

*Rule 27.26 Issues*

■ The district court dismissed the rule 27.26 issues with prejudice, apparently relying on the magistrate's second recommendation, notwithstanding his determination on the exhaustion issue. Under section 2254(d) the findings of the state court are presumed correct unless the petitioner can establish that he did not receive a fair hearing in the state proceeding. *Drake v. Wyrick*, 640 F.2d 912, 914 (8th Cir. 1981). The

---

**1.** Nowhere in the record or the briefs does there appear any specific list of the issues Adail claims were abandoned by counsel in the state habeas proceeding. However, the transcript of the state habeas hearing includes a list of all the issues raised in the rule 27.26 motion.

Circuit Court for the County of St. Louis found at the conclusion of the habeas hearing:

1) [Adail] failed to show that actions or omissions of his trial counsel concerning evidence adduced at trial were anything other than the reasonable trial strategy of a competent attorney, or that a different course of action by trial counsel would have borne a substantial chance of altering the outcome of the trial; and

2) [Adail] failed to show that any objections by his trial counsel concerning grand or petit jury panels would have borne a substantial chance of altering the outcome of the trial.

That court also concluded Adail's counsel was "quite competent, and that his attorney conducted [Adail's] defense professionally and in a manner consistent with the practices of other competent attorneys in the community at that time."

Adail's counsel on appeal does not address the fairness of the rule 27.26 proceeding. The only such challenge is found in the original section 2254 petition where Adail states:

The state court hearing under RULE 27.26 was unfair because the state court refused to order answers to interrogatories, appoint an expert, and to authorize funds for the examination of Grand Jury records such that the petitioner could prove his claims that the selection process of the St. Louis County Grand Jury systematicly [sic] excludes women and blacks for jury duty and denies the petitioner due process of law and equal protection of the law all in violation of the 14th amendments [sic] to the United States Constitution.

■ Neither the petition nor the record include any facts which would support such an allegation of unfairness. The record undeniably supports the findings of the state court on this point. Nor is there anything in the testimony introduced in state court which supports the allegations of discrimination in the selection of a jury or ineffective assistance of counsel. The district court acted correctly in dismissing these issues with prejudice.

That portion of the district court order dismissing the direct appeal issues without prejudice pending exhaustion is vacated and remanded for further proceedings in accordance with the views expressed in this opinion. The portion of the order dismissing the ineffective assistance of counsel and improper jury selection claims is affirmed.