Richard Jefferson **BEATY**, Appellant,

v.

Ernest **PATTON**, and the Attorney General of the State of Pennsylvania.

No. 82–1348.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) Jan. 25, 1983.

Decided Feb. 15, 1983.

Steven A. Morley, Asst. Defender, Federal Court Div., Defender Assoc. of Philadelphia, Philadelphia, Pa., for appellant.

Patricia A. Zaffarano, Ronald T. Williamson, Asst. Dist. Attys., Paul W. Tressler, First Asst. Dist. Atty., Joseph A. Smyth, Jr., Dist. Atty., Norristown, Pa., for appellees.

Before SEITZ, Chief Judge, and ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Richard Jefferson Beaty, the petitioner, was indicted by the Commonwealth of Pennsylvania for simple and aggravated assault, indecent assault, robbery, rape, involuntary deviate sexual intercourse, and possession of a weapon with intent to employ it criminally.[1] All of these charges arose from a brutal attack on a woman in the parking lot of the apartment complex where Beaty worked. A jury trial conducted by the Court of Common Pleas of Montgomery County commenced on March 4, 1975, and Beaty was found guilty on all charges. He was sentenced to a term of imprisonment of twenty-three to sixty-two years.

Beaty's conviction was affirmed by the Superior Court of Pennsylvania, *Commonwealth v. Beaty*, 239 Pa.Super. 708, 357 A.2d 186 (1976), and a petition for allocatur was denied by the Supreme Court of Pennsylvania. He then filed a petition for relief under the Pennsylvania Post Conviction Hearing Act (PCHA), 19 P.S. § 1180–1 et seq., alleging that his trial attorney was ineffective, depriving Beaty of his sixth amendment right to counsel. Following an evidentiary hearing the petition was denied by the Court of Common Pleas of Montgomery County in April 1977. That decision was affirmed by the Superior Court of Pennsylvania. Beaty did not petition the Supreme Court of Pennsylvania for allocatur.

On November 27, 1979, Beaty filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Eastern District of Pennsylvania, again alleging the ineffective assistance of trial counsel. Following an evidentiary hearing, a United States magistrate filed a report and recommendation that the writ be denied. Objections were filed by the petitioner. Thereafter, Judge Green asked the parties to submit letter-briefs on the question of exhaustion. After considering these letters, on April 23, 1982,

---

1. The indictment also charged Beaty with theft by receiving stolen property. At the conclusion of the Commonwealth's presentation of evidence at trial, the court sustained a demurrer to this charge.

Judge Green issued a memorandum opinion in which he concluded that Beaty had sufficiently exhausted his state court remedies, and adopted the magistrate's report and recommendation denying appellant's petition for writ of habeas corpus. The issue of whether Beaty's failure to seek an allocatur to the Pennsylvania Supreme Court constituted a deliberate bypass of the highest state court was not brought to Judge Green's attention.

There has been a suggestion made during the course of this appeal that we should dismiss this petition for failure to exhaust state remedies. The time for allocatur had passed before Beaty filed his petition in the district court. *See* Pa.R.A.P., Rule 1113. Beaty would therefore have had to receive special permission from the Pennsylvania Supreme Court to proceed out of time. So far as our research has revealed, no such request has ever been granted after this long a delay. The Commonwealth appears to have conceded that the petitioner's out-of-time request for allocatur would have but a "negligible [chance] of success," and has stated that in "the interests of justice," we should proceed to dispose of this petition on the merits.[2] *Letter Brief* by Defendant filed in district court, Civil Action No. 79–4295, Docket Entry # 24. In its later letter-brief to this Court, however, the Commonwealth reversed its position and now requests that we dismiss Beaty's petition on exhaustion grounds.

■ A federal court need not dismiss a petition for writ of habeas corpus on exhaustion grounds when it would be futile for the petitioner to attempt to invoke the state procedure. *See Powell v. Wyrick,* 657 F.2d 222 (8th Cir.1981); *Hallowell v. Keve,* 555 F.2d 103 (3d Cir.1977); *U.S. ex rel. Geisler v. Walters,* 510 F.2d 887 (3d Cir. 1975). Because we agree with the district court that it would be fruitless to return the petitioner to state court, we conclude that Beaty has satisfied the exhaustion requirement imposed by 28 U.S.C. § 2254(b).

■ The Supreme Court, in its most recent decision on the exhaustion requirements of 28 U.S.C. § 2254, was confronted with a situation where a petition for habeas corpus included both exhausted and non-exhausted claims. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court held that the prisoner was required to seek *available* state relief on all his claims before raising them in federal court. There was no suggestion in *Lundy* that the state courts would not consider the prisoner's claims or that a petition to the state courts would be an empty formality. Indeed, the decision in *Lundy* is predicated on the Court's desire to preserve the state courts' opportunity to address constitutional challenges to confinement. Thus, nothing in the Supreme Court's opinion in *Lundy* requires us to dismiss for failure to exhaust when there is, realistically, no state remedy left for the prisoner to pursue.

Our recent decision in *Santana v. Fenton,* 685 F.2d 71 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 750, 73 L.Ed.2d 968 (1983), does not require dismissal in this case. In *Santana,* this Court held that petitioner had failed to exhaust his state remedies because, *at the time he filed* his habeas corpus petition in the federal district court, the time for seeking state relief had not yet expired. In the case at hand, the time for filing for allocatur had expired long before Beaty petitioned the Eastern District of Pennsylvania under 28 U.S.C. § 2254.

■ There is, however, another issue which precludes us from addressing the merits of the appeal at this time. Beaty's failure to file a petition for allocatur in the Pennsylvania Supreme Court constitutes a procedural default that deprived the highest state court of an opportunity to consider his constitutional claims. Before a federal habeas court may proceed to consider his

---

2. This Court has consistently held that the parties may not agree to waive the exhaustion requirement. *See Santana v. Fenton,* 685 F.2d 71, 73 n. 2 (3d Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 750, 73 L.Ed.2d 968 (1983); *Slotnick v. O'Lone,* 683 F.2d 60, 61 (3d Cir.

1982); *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 96 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978); *Zicarelli v. Gray,* 543 F.2d 466, 473–474 (3d Cir.1976) (in banc).

petition, Beaty must demonstrate that this default was not a "deliberate bypass" of the state court. *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); *Boyer v. Patton,* 579 F.2d 284 (3d Cir.1978). Beaty need not meet the stricter "cause and prejudice" standard set forth in *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), because his default involved a decision regarding an appeal. *Wainwright v. Sykes,* 433 U.S. at 91–94, 97 S.Ct. at 2508–2510 (Burger, C.J., concurring); *Boyer v. Patton,* 579 F.2d at 286.

Because the "deliberate bypass" question was not raised in the district court, there are no findings in the record on this point. Accordingly, this case will be remanded to the district court for further proceedings consistent with this opinion.