James WILLIAMS

v.

Thomas FULCOMER.

Civ. A. No. 85–1248.

United States District Court,
E.D. Pennsylvania.

Oct. 18, 1985.

Defender Ass'n, Federal Courts Div., Philadelphia, Pa., for plaintiff.

Ronald D. Castille, Dist. Atty. of Philadelphia County, Elizabeth J. Chambers,

Asst. Dist. Atty., Philadelphia, Pa., for defendants.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

Petitioner has filed for habeas corpus relief pursuant to 28 U.S.C. § 2254. He was convicted of aggravated assault and related offenses in the Philadelphia Court of Common Pleas and was sentenced to ten (10) to twenty (20) years imprisonment. Petitioner is now serving that sentence at the State Correctional Institution at Huntingdon.

Petitioner raises two due process claims in his request for habeas relief: 1) that his arrest was illegal and 2) that there was misconduct by the prosecutor during his closing argument to the jury at petitioner's trial. In a direct appeal from his conviction, petitioner raised both of these federal claims. See Commonwealth v. Williams, 316 Pa.Super. 100, 462 A.2d 813 (1983). Rejecting both claims, on July 8, 1983 the Superior Court affirmed petitioner's conviction and sentence. Id. 462 A.2d at 818. Petitioner thereupon filed a Petition for Allowance of Appeal in the Pennsylvania Supreme Court, which denied allocatur on October 21, 1983. In his appeal to the Pennsylvania Supreme Court, petitioner raised only the claim of illegal arrest.

In his Report and Recommendation made pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), Magistrate William F. Hall, Jr., found that petitioner, in not seeking review by the Pennsylvania Supreme Court of the claim of prosecutorial misconduct, had failed to exhaust his state remedies as to that federal claim. Report and Recommendation at 2. Magistrate Hall then concluded, on the authority of Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), that because petitioner had not exhausted his state remedies with respect to both claims presented in his petition for habeas corpus, that petition could not be entertained by this court.

Pursuant to 28 U.S.C. § 636(b)(1) petitioner has filed objections to Magistrate Hall's Report and Recommendation. Petitioner contends that Magistrate Hall's finding that he had failed to exhaust his state remedies was erroneous.

### 1. Exhaustion of State Remedies

Petitioner agrees that, if he has not exhausted his state remedies for one of his habeas claims, Rose v. Lundy requires this court to deny his petition. He argues, however, that, even though he failed to present his claim for prosecutorial misconduct on appeal to the Pennsylvania Supreme Court, this claim is exhausted within the intendment of 28 U.S.C. § 2254(b) & (c).

It is clear that if petitioner is required to return to the state system to appeal his claim to the Pennsylvania Supreme Court, he will be barred from pursuing that appeal by the limitation period in the Pennsylvania Rules of Appellate Procedure. See Pa.R.App.P. 1113(a). A federal court need not dismiss a habeas petition on exhaustion grounds where an attempt to invoke the state procedure would be futile. See Beaty v. Patton, 700 F.2d 110, 111 (3d Cir.1983) (per curiam).

The Commonwealth contends, however, that a state remedy other than direct appeal to the Pennsylvania Supreme Court remains open to petitioner. That remedy is collateral attack on the conviction and sentence pursuant to Pennsylvania's Post Conviction Hearing Act, 42 Pa.Cons.Stat.Ann. §§ 9541–9551 (Purdon 1982). Response at 2. However, such post conviction relief is available only if the error relied on has not been "finally litigated or waived." 42 Pa. Cons.Stat.Ann. § 9543(4) (Purdon 1982). And an issue is "finally litigated" when the "Superior Court has ruled on the merits of the issue and the petitioner has knowingly and understandingly failed to avail himself of further appeals." 42 Pa.Cons.Stat.Ann. § 9544(a)(2) (Purdon 1982). Moreover, the Post Conviction Hearing Act establishes a rebuttable presumption that failure to appeal a ruling is a "knowing and understanding failure." 42 Pa.Cons.Stat.Ann. § 9544(c) (Purdon 1982).

The record in this court offers no ground for overcoming the statutory presumption that petitioner's decision not to seek review of the Superior Court's rejection of his

prosecutorial misconduct claim was "knowing and understanding." Accordingly, relief under the Post Conviction Hearing Act is foreclosed as to that federal claim, just as it is foreclosed on the unlawful arrest claim which the Pennsylvania Supreme Court was asked, but declined, to review.

### 2. Deliberate By-pass

In sum, petitioner has no available state remedies for either of his federal claims. This means that he may now ask this court to entertain these federal claims—unless, within the meaning of *Fay v. Noia*, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), he has engaged in a "deliberate by-pass" of available state relief and thereby foregone entitlement to federal habeas corpus:

> If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his federal claims on the merits—though of course only after the federal court has satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default.

372 U.S. at 439, 83 S.Ct. at 849 (citation omitted).[1]

There is, of course, no *Fay v. Noia* problem with respect to petitioner's claim that his arrest contravened due process. That federal claim was pressed by petitioner to Pennsylvania's highest court. But as to the claim of prosecutorial misconduct, the question arises whether the "knowing and understanding" failure to seek Pennsylvania Supreme Court review which bars petitioner from pursuing a collateral challenge under the state Post Conviction Hearing Act does not also signify that petitioner, within the meaning of *Fay v. Noia*, "understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in a state court...." Given their virtually identical verbal formulations, it is hard to suppose that the two questions could yield discrepant answers. However, one is a state standard, the other a federal standard. Moreover, satisfaction of the state standard can be achieved—as it has been in this case—pursuant to a statutory presumption, where no countering evidence is adduced. But in *Fay v. Noia* the Court has directed that the federal habeas court "satisf[y] itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default."

Accordingly, this matter will be remanded to Magistrate Hall, with directions to conduct two inquiries. *First*, Magistrate Hall will determine whether petitioner has, via a "deliberate by-pass" of the Pennsylvania Supreme Court, foregone federal habeas review of the prosecutorial misconduct claim. If the Magistrate answers that question in the affirmative, he will then adjudicate the merits of, and prepare a Report and Recommendation with respect to, petitioner's unlawful arrest claim. *Second*, if Magistrate Hall finds no "deliberate by-pass," his merits adjudication, and re-

---

1. In *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), *reh'g denied,* 434 U.S. 880, 98 S.Ct. 241, 54 L.Ed.2d 163 (1978), the Supreme Court adopted the "cause"-and-"prejudice" standard announced in *Davis v. United States,* 411 U.S. 233, 93 S.Ct. 1577, 36 L.Ed.2d 216 (1973) to govern a federal habeas court's review of state prisoners' petitions alleging federal claims that a state court has declined to pass on because they were not presented according to the state's procedural rules. A review of such claims would be barred on habeas "absent a showing of cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violation. 433 U.S. at 84, 97 S.Ct. at 2505. Yet *Wainwright v. Sykes* did not seem to extend this standard to govern federal claims, such as those in *Fay*, that a state appellate court had not considered because the petitioner had neglected to appeal them. *See* 433 U.S. at 88 n. 12, 97 S.Ct. at 2507 n. 12; *id.* at 91–94, 97 S.Ct. at 2508–2510 (Burger, C.J., concurring); *Beaty,* 700 F.2d at 113; *Boyer v. Patton,* 579 F.2d 284, 286 (3d Cir.1978). Thus, the *Fay* standard continues to apply to a federal habeas court's review of claims that a state court will not pass on because they were not presented in accordance with its procedural rules *when* the decision regarding the procedural default had been entrusted to the petitioner. *See* 433 U.S. at 92, 97 S.Ct. at 2509 (Burger, C.J., concurring).

sultant Report and Recommendation, will address both of petitioner's federal claims.