**John BROWN, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 87–2053.

United States Court of Appeals, Eighth Circuit.

Submitted May 11, 1988.

Decided Aug. 10, 1988.

---

**2.** A district court may not extend the time for filing a motion under Rule 59(e). Fed.R.Civ.P. 6(b).

Springfield Baldwin, St. Louis, Mo., for appellant.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and NICHOL,* Senior District Judge.

BRIGHT, Senior Circuit Judge.

Appellant John Brown appeals the district court's dismissal of his habeas corpus petition for failure to exhaust available state remedies. Because, in the interim, the Missouri Supreme Court indicated that the state courts will afford Brown no further relief, we reverse the district court's determination as to exhaustion and remand for further proceedings.

## I. BACKGROUND

Brown pled guilty to the capital murder of his girlfriend and received a life sentence without the possibility for probation or parole for fifty years. While assuring the court throughout the trial that his admission of guilt had been entered freely and voluntarily, Brown made an off-the-record statement after the pronouncement of sentence that "everything I have given is a lie. I didn't plan to kill her, * * *."

Brown filed a motion for post-conviction relief pursuant to Mo.R.Crim.P. 27.26,[1] asserting that his statement in which he claims to have lied shows his guilty plea was not knowing, voluntary, and intelligent, and alleging ineffective assistance of counsel due to counsel's failure to inform him of the defense of diminished capacity. After the Missouri Court of Appeals denied him relief,[2] Brown filed a Rule 83.02 motion in that court for rehearing or transfer to the Missouri Supreme Court. That motion argued the ineffective assistance of counsel claim but did not include the voluntariness argument. Brown then filed his application to transfer directly in the Missouri Supreme Court,[3] again raising only the ineffective assistance of counsel question. The court denied that motion. Thereupon, Brown filed this petition for habeas corpus in the United States District Court for the Eastern District of Missouri. The district court held that because the motion for transfer to the Missouri Supreme Court presented only the ineffective assistance of counsel claim for review, petitioner's habeas writ contained unexhausted claims and must be dismissed. Approximately one and one-half months after the district court handed down its order, the Missouri Supreme Court clerk's office issued a letter declaring Brown's case closed by order of the Missouri Supreme Court. This appeal followed.

## II. DISCUSSION

### A. Exhaustion

Brown potentially had state remedies available to him while his petition was pending before the district court. Those avenues are no longer open to him. As the State itself concedes, exhaustion is no longer an issue.[4]

---

* The HONORABLE FRED J. NICHOL, Senior United States District Judge for the District of South Dakota, sitting by designation.

1. Rule 27.26 was repealed February 11, 1987, effective January 1, 1988, and has been replaced by the provisions of Rules 24.035 and 29.15.

2. *See Brown v. State,* 719 S.W.2d 52 (Mo.Ct.App. 1986).

3. Brown filed that application pursuant to Mo. R.Civ.P. 83.03.

4. Brown, in his brief and at oral argument, contends that exhaustion was not grounds for dismissal before the district court for two rea-

The State, however, argues that this court should refuse to hear the merits of Brown's habeas claims because Brown's failure to advance the voluntariness claim before the Missouri Supreme Court constitutes a procedural default for which he has failed to demonstrate cause or actual prejudice. It is axiomatic that, for a federal court to surmount an adequate and independent state procedural bar to review, petitioner must demonstrate the cause of his procedural defaults, as well as actual prejudice resulting from them. *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). However, it is not for this appellate court to decide whether Brown has shown cause for prejudice resulting from his counsel's deficient application to transfer, assuming *Wainwright* applies, or to ascertain whether, under state procedures, all matters were actually presented to the Missouri appellate courts.

We also reject both parties' invitation to reach the merits of Brown's habeas claims. The district court, as the trier of fact, must first rule on the "cause and prejudice" issue. Only then can it address the substance of Brown's underlying claims.[5]

For the reasons stated above, we reverse and remand to the district court for further proceedings to address the substantive issues in this case.

MAGILL, Circuit Judge, dissenting.

When the claims raised in a habeas petition are "patently frivolous," the administrative interests of both state and federal judicial systems in expedient resolution of the case outweigh any conceivable gain that may arise from remanding the case for a hearing on the exhaustion issue. *Granberry v. Greer*, —— U.S. ——, 107 S.Ct. 1671, 1675, 95 L.Ed.2d 119 (1987). Here, there is absolutely overwhelming evidence that Brown's guilty plea was knowingly and voluntarily entered—he stated his guilt no less than eight times under oath, and wrote a seven-page statement to the same effect. Brown's second claim, that he should have been advised of the defense of diminished mental capacity, is equally well-refuted by the record. Brown's stalking of his victim for weeks, the premeditation and deliberation demonstrated by the facts surrounding the killing, and the absence of any positive findings in the psychiatric evaluation performed on Brown one week before the trial all refute any suggestion of Brown's diminished mental capacity. Assuming the truth of his allegation that his counsel failed to advise him of the availability of the diminished capacity defense, there simply are no facts showing that he was prejudiced thereby. I can conceive of no reason why we should burden the district court with a remand and hearing on issues, the resolution of which is clearly predetermined by the record and the principles in our case law.

---

sons. First, *Powell v. Wyrick*, 657 F.2d 222, 224 (8th Cir.1981), holds that a Rule 84.08 motion to transfer is not an available state remedy that a petitioner must exhaust before filing a habeas petition. *See also Fisher v. Trickey*, 656 F.Supp. 797, 801–02 (W.D.Mo.1987). Second, under Missouri Rules of Civil Procedure 83.04 and 83.08, a movant must forward a copy of the court of appeals' opinion when filing a motion to transfer in the Missouri Supreme Court and that, upon transfer, "[the] briefs filed in the Court of Appeals shall constitute the * * * briefs in this [the Supreme] Court." Mo.R.Civ.P. 83.08. Thus, as a practical matter, all the issues presented to the Missouri Court of Appeals were before the Missouri Supreme Court and were thus considered by that court.

**5.** It appears to this court that several preliminary decisions must be made by the district court before it can reach the merits. The court must determine first if Brown's arguments that no procedural default occurred because both claims were, in fact, made available to the Missouri Supreme Court carries weight. If the court determines that a procedural default did occur, it must further resolve whether the "cause and prejudice" test applies; and, if so, whether Brown has met his burden under *Wainwright* such that the court can consider the unexhausted voluntariness claim.

It is only after making these determinations, as to which claims can appropriately be reviewed, can the district court turn to the merits of the claims.