Timothy LOVE a/k/a Antonio Holmes

v.

**Thomas A. FULCOMER, Superintendent, the Attorney General of the State of Pennsylvania, and the District Attorney for Philadelphia County.**

Civ. A. No. 89–2169.

United States District Court,
E.D. Pennsylvania.

Jan. 31, 1990.

---

George H. Newman, Philadelphia, Pa., for petitioner.

Elizabeth J. Chambers, Dist. Atty., Philadelphia, Pa., for respondent.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

Habeas Corpus. Since his state conviction in March 1983 for robbery, conspiracy and possession of an instrument of crime, Timothy Love, through no apparent fault of his own, has been unable to obtain appellate review of his conviction. The Superior Court dismissed petitioner's direct appeal for the first time in August 1985, because his appointed counsel failed to file a brief. Petitioner successfully sought reinstatement of his right to appeal *nunc pro tunc* in a proceeding brought pursuant to the Post Conviction Hearing Act (PCHA), 42 Pa.Cons.Stat. §§ 9541, *et seq.*[1] However, the Superior Court dismissed petitioner's appeal for a second time on July 14, 1986 when his new appointed counsel did not file a brief on his behalf. Petitioner again sought and obtained reinstatement of his appellate rights *nunc pro tunc* by means of a PCHA petition. Yet, petitioner's appeal was dismissed for a third time on August 22, 1988 because his appointed counsel (petitioner's sixth at this point) again failed to file a brief on his behalf. Petitioner then filed this habeas corpus proceeding alleging, *inter alia,* that he had been denied effective assistance of appellate counsel.

■ On July 26, 1989, I granted petitioner's motion for assignment of counsel, concluding that "[n]othing short of a complete and inexcusable breakdown of the right to competent, appointed counsel on direct appeal * * * appears to have befallen this petitioner." I also explained why I was unconvinced by the District Attorney's arguments that the habeas petition should be

---

**1.** In 1988, the statute was amended and re-  named the Post Conviction Relief Act.

dismissed because (1) petitioner had failed to exhaust available state remedies and (2) petitioner's claims were waived by procedural default. By order dated August 29, 1989, I established a briefing schedule whereby the District Attorney was given time to submit a supplemental brief on exhaustion and procedural default and on the merits of the habeas petition, and petitioner was afforded an opportunity to respond to the brief. The parties' submissions have been received and the petition is now ripe for disposition.[2]

As the District Attorney does not dispute my earlier conclusions with respect to the issues of exhaustion and procedural default, I turn immediately to the merits of the petition. Notwithstanding that my July 26 memorandum specifically identifies ineffective appellate assistance of counsel as one of the grounds on which petitioner seeks habeas relief, Memorandum at 4, the District Attorney has elected not to address the issue in his supplemental brief. Inexplicably, petitioner's appointed counsel has also failed to address the issue in its responsive brief. Nevertheless, after reviewing the record and the pertinent caselaw, I am convinced that petitioner is entitled to a writ of habeas corpus on the ground that he was unconstitutionally denied effective assistance of appellate counsel.[3]

■ A criminal appellant is constitutionally entitled to effective assistance of counsel on his first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). To prevail on a claim of ineffective assistance, a convicted defendant must establish that (1) counsel's performance was "deficient" in the sense that counsel's representation fell below an objective standard of reasonableness and (2) counsel's performance prejudiced defendant. *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984); *see also Senk v. Zimmerman*, 886 F.2d 611, 614 (3d Cir.1989) (although *Strickland* concerned trial counsel's effectiveness, same standard is used to measure adequacy of appellate counsel's representation). The representation afforded a criminal defendant will be considered objectively unreasonable only where the defendant can identify acts or omissions of his counsel that could not be the result of "reasonable professional judgment." *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066. Although there is a "strong presumption" that an attorney's conduct

---

**2.** In a reply to petitioner's response brief, the District Attorney correctly notes that petitioner alleges for the first time that he was denied effective assistance by his trial counsel's failure to verify that checkout time of the hotel in which petitioner stayed before his arrest was 12:00 noon, not 11:00 a.m. This argument relates to petitioner's claim that certain evidence introduced against him at trial should have been suppressed because it was seized without probable cause or a search warrant from a hotel room in which he had a legitimate expectation of privacy. The District Attorney argues that, because this ineffectiveness claim was never presented to the state courts, the petition must be dismissed, citing *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

*Rose* holds that a district court must dismiss a habeas petition containing both exhausted and unexhausted claims. *Id.* at 522, 102 S.Ct. at 1205. This holding, however, is predicated on the premise that a convicted defendant should seek *available* state relief before resorting to federal court. *See Beaty v. Patton*, 700 F.2d 110, 112 (3d Cir.1983). Petitioner repeatedly sought to advance an ineffective assistance of counsel claim in state court to no avail. In my July 26

memorandum, I concluded that requiring further presentation of this and other claims to the state courts would be futile and therefore petitioner should be deemed to have exhausted his state remedies, citing *Wojtczak v. Fulcomer*, 800 F.2d 353 (3d Cir.1986). The fact that petitioner now advances a particular instance of ineffective assistance of counsel not presented to the state courts, does not require dismissal of the petition. *See Brand v. Lewis*, 784 F.2d 1515, 1517 (11th Cir.1986) (per curiam) (where petitioner had presented claim of ineffective assistance of counsel to state courts, allegation in habeas petition of two additional instances of ineffective assistance not raised in state courts did not require dismissal of the petition); *but see Bainbridge v. Zimmerman*, No. 88–7759, 1989 WL 118911 (E.D.Pa. Oct. 3, 1989) (J. Kelly, J.) (failure to present all instances of ineffective assistance enumerated in habeas petition to state courts required dismissal of petition).

**3.** Accordingly, I find it unnecessary to reach the merits of petitioner's claims that he is entitled to habeas relief based on violations of the Fourth Amendment and the Double Jeopardy Clause and because he was denied effective assistance of trial counsel.

falls within the wide range of reasonable professional assistance, the failure of petitioner's counsel to file a brief on his behalf cannot be considered objectively reasonable.

■ The constitutional guarantee of effective assistance of counsel " 'cannot be satisfied by mere formal appointment' " of counsel. *Evitts*, 469 U.S. at 395, 105 S.Ct. at 835 (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940)). To render effective assistance at the appellate level, counsel must function as an advocate, actively promoting his client's position by scrutinizing the record for errors and presenting legal arguments in his client's favor. *Cannon v. Berry*, 727 F.2d 1020, 1022 (11th Cir.1984) (citing *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)); *accord Evitts*, 469 U.S. at 394, 105 S.Ct. at 835 (attorney "must be available to assist in preparing and submitting a brief to the appellate court" and "must play the role of an active advocate"). Thus, at a minimum, counsel must file a brief to perform effectively as an appellate advocate.[4] Inasmuch as petitioner's counsel failed to file any brief on his behalf, their representation was deficient under *Strickland*. *See United States ex rel. Thomas v. O'Leary*, 856 F.2d 1011, 1015–16 (7th Cir.1988); *Cannon*, 727 F.2d at 1022; *see also Robinson v. Wyrick*, 635 F.2d 757 (8th Cir.1981) (appellate brief was so "flagrantly deficient" as to preserve nothing for review).

■ There remains the question of whether petitioner has satisfied the prejudice component of *Strickland*. Ordinarily, a defendant claiming ineffective assistance of counsel "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2068. However, where there has been "[a]ctual or constructive denial of the as-

sistance of counsel altogether," prejudice is legally presumed. *Id.* at 692, 104 S.Ct. at 2067; *see Penson v. Ohio*, —— U.S. ——, 109 S.Ct. 346, 352–54, 102 L.Ed.2d 300 (1988) (applying rule to complete denial of counsel on direct appeal).

As the Supreme Court has recognized, an appeal for an indigent criminal defendant is little more than a "meaningless ritual," unless counsel is appointed who is available to assist in the preparation and submission of a brief to the appellate court. *Evitts*, 469 U.S. at 394, 105 S.Ct. at 835; *see also Penson*, 109 S.Ct. at 353 (rejecting argument that defendant should not be deemed to have suffered prejudice because briefs had been submitted on behalf of his codefendants and court had conducted its own review of the record). I therefore hold that the failure of petitioner's counsel to file a brief on his behalf is the functional equivalent of no representation at all and that prejudice should be presumed. *Thomas*, 856 F.2d at 1016–17; *Cannon*, 727 F.2d at 1022–24; *but cf. Lombard v. Lynaugh*, 868 F.2d 1475 (5th Cir.1989) (expressly reserving question of whether a showing of prejudice is required to obtain habeas relief where counsel fails to file a brief or files an incompetent brief, but there are no nonfrivolous appeal issues or the court could conclude beyond a reasonable doubt that the conviction would have been affirmed on direct appeal had there been fully effective appellate counsel). This conclusion seems especially warranted because the failure of petitioner's counsel to file a brief on his behalf not only precluded an adversarial presentation of his claims, it precluded his right to any appellate review at all. *See Evitts*, 469 U.S. at 394 n. 6, 105 S.Ct. at 835 n. 6.

In short, petitioner has been unconstitutionally denied effective assistance on his direct appeal for more than three years as a result of his counsels' failure to file a brief on his behalf.[5] I will therefore grant

---

**4.** If counsel believes an appeal is futile or frivolous, he is obligated to inform the court of his belief and file an *Anders* brief explaining his view. *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

**5.** There is no merit to the District Attorney's suggestion that the Commonwealth cannot be held responsible for the lapses of petitioner's appointed counsel. *See Harris v. Kuhlman*, 601 F.Supp. 987, 992 (E.D.N.Y.1985); *Galloway v.*

the writ of habeas corpus and order petitioner released from custody, unless within 60 days the Commonwealth affords him constitutionally competent counsel and direct review of his conviction or a new trial.

*Stephenson,* 510 F.Supp. 840, 843 n. 3 (M.D.N.C. 1981); *see also Douglas v. California,* 372 U.S. 353, 357, 83 S.Ct. 814, 816, 9 L.Ed.2d 811 (1963).