SWANGER, Glenn R., Appellant

v.

ZIMMERMAN, Charles H.; Attorney General of the State of Pennsylvania, District Attorney of Lebanon County.

No. 84–5090.

United States Court of Appeals, Third Circuit.

Argued Oct. 18, 1984.

Decided Dec. 21, 1984.

Ellen M. Burgraff (Argued), Carlisle, Pa., for appellant.

Rosamond A. Presby (Argued), Asst. Dist. Atty. of Lebanon County, Pa., Lebanon, Pa., for appellees.

Before GIBBONS, BECKER and VAN DUSEN, Circuit Judges.

## OPINION OF THE COURT

VAN DUSEN, Senior Circuit Judge.

Petitioner appeals from the district court's order denying his application for a writ of habeas corpus on the grounds that state remedies had not been fully exhausted. This court has jurisdiction pursuant to 28 U.S.C. § 1291 (1982). We will reverse the judgment of the district court and remand for further proceedings consistent with this opinion.

I. *Facts and Procedural History*

On July 17, 1978, the Court of Common Pleas of Lebanon County, Pennsylvania, issued a bench warrant for the arrest of petitioner, Glenn R. Swanger, on counts of burglary, conspiracy, and possessing instruments of a crime. The warrant was subsequently executed by the lodging of a

detainer against Swanger with law enforcement officials in Philadelphia, Pennsylvania. Upon his arrest in Philadelphia, Swanger was returned to Lebanon County for trial.

Among his pretrial challenges filed with the court was a "Petition for Writ of Habeas Corpus," in which he claimed due process was denied him by the procedure employed to arrest him and return him to Lebanon County. The court denied this petition. Swanger raised the same claim, along with four others, in an "Omnibus Pre-Trial Motion." In that motion, Swanger also sought suppression of certain incriminating evidence, as well as a change in venue. The application for change of venue was granted, and the case was transferred to the Court of Common Pleas of Dauphin County, Pennsylvania.

Hearings on the remaining claims in Swanger's pretrial motion were scheduled for February 21, 1979. The Commonwealth produced no testimony on that date, and the trial court denied Swanger's claims without a hearing. The trial proceeded, whereupon Swanger was convicted of both burglary and possessing instruments of a crime.

Swanger filed two post-trial motions, a motion in arrest of judgment and a motion for a new trial. The motion in arrest of judgment alleged, *inter alia*, that "the Court erred in failing to dismiss the case against the Defendant for reason that he was denied his constitutional right to due process of law." Among Swanger's contentions in his motion for a new trial was that the court erred in refusing to suppress certain evidence at trial. The brief filed on Swanger's behalf in support of these post-trial motions contained thirteen specific issues. Included were both his challenge to the procedure employed to arrest him and his claim that the trial court erred in refusing to take testimony on his motion to suppress. The Commonwealth refuted both of these claims in its opposing brief. By opinion and order dated September 15, 1980, the trial court denied Swanger's post-trial motions. In its opinion, the court acknowledged that thirteen assignments of error had been raised and considered.

Swanger filed a timely appeal to the Pennsylvania Superior Court, raising sixteen separate claims. By memorandum opinion dated November 19, 1982, the Superior Court affirmed Swanger's conviction. The court stated, however, that Swanger had waived two claims on appeal "for failure to raise them in post-trial motions." These claims were due process challenges to the procedure employed in arresting him and to the trial court's refusal to take testimony on his suppression motion. The Superior Court expressly refused to discuss these two claims because they had been waived. The court apparently based its conclusion of waiver on Swanger's failure to specifically list the two claims in the post-trial motions themselves, because both claims were listed and argued in the accompanying briefs and were acknowledged expressly by the trial court in ruling on the motions.

Following his unsuccessful appeal to the Superior Court, Swanger filed a "Petition for Allowance of Appeal" to the Pennsylvania Supreme Court. The petition, which reiterated the claims raised in post-trial motions and on appeal to the Superior Court, was denied.

■ On June 3, 1983, while incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania,[1] Swanger filed an application for a writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania. On June 24, 1983, the court approved his request to proceed *in forma pauperis* and issued a rule directed to the respondents to

---

**1.** Petitioner was subsequently transferred to the State Correctional Institution at Graterford, Pennsylvania, where he remained until his release on supervised parole on April 16, 1984. A state prisoner who has been placed on parole is "in custody" within the meaning of 28 U.S.C. § 2241 (1982), and a federal district court has jurisdiction to entertain his application for a writ of habeas corpus. *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963); *see Mabry v. Johnson,* —— U.S. ——, 104 S.Ct. 2543, 2546 n. 3, 81 L.Ed.2d 437 (1984).

show cause why a writ of habeas corpus should not issue. Respondents filed an answer on July 13, 1983, asserting that Swanger had not exhausted state remedies for two of the nine claims raised in the habeas corpus application. These two claims were the same as those earlier adjudged to have been waived by the Pennsylvania Superior Court.

The case was submitted on the pleadings to a United States Magistrate for his report and recommendation. In his report, the magistrate concluded that all available state remedies for the two claims at issue had not been exhausted. The magistrate determined that Swanger should pursue a remedy for those two claims by filing a petition in state court pursuant to the Pennsylvania Post Conviction Hearing Act (PCHA). *See* 42 Pa.Cons.Stat.Ann. §§ 9541–9551 (Purdon 1982). Thus, the magistrate recommended that the entire application be denied, relying on the rule of total exhaustion set forth by the Supreme Court of the United States in *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).[2]

Upon Swanger's filing of objections to the magistrate's report, the case was submitted to the district court. By order dated November 21, 1983, the court adopted the magistrate's report and directed that the application for a writ of habeas corpus be denied. On December 2, 1983, Swanger filed a notice of appeal to this court, whereupon the district court entered an order stating that the appeal was frivolous and without probable cause. A certificate of probable cause was granted by this court on February 10, 1984, and counsel[3] was appointed for Swanger.[4]

## II. *Exhaustion of State Remedies*

The district court held that petitioner, Swanger, did not exhaust available state remedies for two claims raised in his application for writ of habeas corpus. This holding was based on the magistrate's conclusion that the Pennsylvania state courts had not had a full opportunity to address the two claims (see Supp.App.p.18). The magistrate recognized that state remedies for claims made in a federal habeas corpus proceeding are exhausted if the claims have been raised at a state court trial and on direct appeal (Supp.App. p. 13). Yet he contended that the Superior Court's refusal to discuss two claims because of its finding of waiver rendered those claims unreviewable in federal habeas corpus proceedings

---

2. The Supreme Court in *Rose v. Lundy* considered whether the exhaustion rule of 28 U.S.C. § 2254(b)–(c) requires a federal district court to dismiss a petition for a writ of habeas corpus that contains any claims that have not been exhausted in state courts. Reasoning that a rule requiring exhaustion of all claims in a petition furthers the purposes underlying the habeas corpus statute, the Court held that a federal district court must dismiss petitions containing both exhausted and unexhausted claims. *Id.* at 510, 102 S.Ct. at 1199.

3. We express our appreciation to Ellen M. Burgraff, Esq., court-appointed counsel of petitioner, for her excellent brief and argument in this case.

4. Subsequent to filing his notice of appeal in this case, petitioner submitted another application for writ of habeas corpus to the district court. *Swanger v. Fulcomer*, No. 83–1745 (M.D.Pa. filed Dec. 5, 1983). This second application contained the seven of the nine claims in the first application for which state remedies were determined to have been exhausted. The remaining two claims from the first application, which are primarily at issue in this case, were excluded. The district court has since ruled on petitioner's second application, denying each of the seven claims on its merits. *Swanger v. Fulcomer*, No. 83–1745 (M.D.Pa. Oct. 11, 1984) (order denying application for writ of habeas corpus). Thus, on remand, the district court need only consider the merits of the two claims that were excluded from the second application. The district court is not required to again adjudicate the merits of the other seven claims. *See* 28 U.S.C. § 2244(b) (1982): *Swift v. Commandant, United States Disciplinary Barracks*, 440 F.2d 1074, 1075 (10th Cir.1971); *United States ex rel. Wilson v. Follette*, 438 F.2d 1197, 1198 (2d Cir.1971); *see also Sanders v. United States*, 373 U.S. 1, 15, 83 S.Ct. 1068, 1077, 10 L.Ed.2d 148 (1963) (controlling weight may be given to a denial of a prior habeas corpus application if the same claims for relief have been previously decided adversely to the applicant, the prior determination was on the merits, and the ends of justice would not be served by again considering the merits of these claims).

because the exhaustion requirement had not been satisfied. The magistrate therefore directed that petitioner pursue both claims in state court under Pennsylvania's Post Conviction Hearing Act (PCHA) so as to give the state courts "... a full opportunity to address claims not discussed on direct appeal, because such claims were thought to have been waived" (Supp.App. p. 18).

■ It is well-settled that a claim raised in state court at trial and on direct appeal satisfies the exhaustion requirement and that a habeas corpus petitioner need not also raise the claim in a collateral attack before proceeding in federal court. *See Brown v. Allen*, 344 U.S. 443, 447, 73 S.Ct. 397, 402, 97 L.Ed. 469 (1953); *United States ex rel. Hickey v. Jeffes*, 571 F.2d 762, 764 (3d Cir.1978); *United States ex rel. Schultz v. Brierley*, 449 F.2d 1286, 1287 (3d Cir.1971). Thus, the magistrate was correct in concluding that seven of petitioner's nine claims, which had been considered and rejected by the Superior Court, need not be presented again to the state courts (this time under the PCHA) as a prerequisite to federal habeas corpus review (see Supp.App. p. 14).

■ The magistrate erred, however, in concluding that state remedies for petitioner's remaining two claims had not been exhausted because the merits of the claims were neither considered nor discussed by the Superior Court. The exhaustion requirement of 28 U.S.C. § 2254(b)–(c) has been judicially interpreted to mean that claims must have been *presented* to the state courts; they need not have been considered or discussed by those courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *United States ex rel. Geisler v. Walters*, 510 F.2d 887, 892 (3d Cir.1975). As the Supreme Court stated in *Picard v. Connor*, "... once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." 404 U.S. at 275, 92 S.Ct. at 512.

In the case at hand, petitioner's two claims were presented to the trial court in the brief in support of his post-trial motions (see App. p. K–3).[5] The trial court, in denying the post-trial motions, acknowledged that these two claims were raised.[6] Moreover, the two claims were raised on appeal to the Superior Court. That the Superior Court stated in its opinion the reason it believed these claims had been waived demonstrates that the claims were presented to the Superior Court.[7] Finally, petitioner presented these same two issues to the Pennsylvania Supreme Court in his petition for allowance of appeal (see App. p. L–10), which was ultimately denied.

The magistrate apparently found significance in the fact that, although the two claims were briefed on appeal, the Superior Court did not *discuss* them in its opinion (see Supp.App. pp. 16, 18). Yet, discussion of a claim in an appellate court's opinion is not necessary for exhaustion. *Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 598, 54 L.Ed.2d 582 (1978); *United States ex rel. Geisler v. Walters*, 510 F.2d 887,

---

5. One of the two issues, the challenge to the process by which he was arrested and transferred to Lebanon County, was initially presented to the trial court in form of a pretrial motion.

6. The brief in support of petitioner's post-trial motions listed thirteen claims for relief, including the two at issue in this appeal (see App. pp. H–2 & H–3). The Commonwealth's answering brief responded to those thirteen claims (see App. pp. 1–2 & 1–3). In his opinion denying the post-trial motions, the state court trial judge acknowledged the presentation of thirteen claims for relief (see App. p. J–1).

7. In its memorandum opinion dated November 19, 1982, the Superior Court stated:

"Two other issues raised in appellant's brief have been waived for failure to raise them in post-trial motions. Therefore, we do not discuss (1) whether appellant was denied his constitutional rights when he was arrested on the bench warrant while on bail, and (2) whether the suppression court erred in failing to take testimony on appellant's suppression motion."

(App. p. K–3).

892 (3d Cir.1975). The Supreme Court, in *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978), clearly stated:

> "It is too obvious to merit extended discussion that whether the exhaustion requirement of 28 U.S.C. § 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely raised in petitioner's brief in the state court, and, indeed, in this case, vigorously opposed in the State's brief."

*Id.* at 333, 98 S.Ct. at 599.

■ In this case, petitioner, Swanger, presented his claims to the state courts and gave them ample opportunities to consider them. That the state Superior Court, after a finding of waiver,[8] chose not to reach the merits of two of petitioner's claims does not mean that state remedies for those claims were not exhausted.

Moreover, this is not a case in which the claims raised in the federal habeas corpus petition were similar, but not identical, to claims previously raised in state courts. *See Santana v. Fenton,* 685 F.2d 71, 74 (3d Cir.1982) (constitutional claim raised in federal court had not been "fairly presented" because, when argued to the state court, the claim was grounded exclusively on state law). Nor is this a case in which the claims raised in the petition were only indirectly presented to the state courts. *See Moore v. Duckworth,* 581 F.2d 639, 642–43 (7th Cir.1978), *aff'd,* 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979) ("obligue" references to claims contained in a letter to state court did not constitute fair presentation of claims). Here the claims raised by Swanger in his petition for a writ of habeas corpus were identical to claims raised in,

and briefed to, Pennsylvania's Court of Common Pleas, Superior Court, and Supreme Court. As such, the claims were fairly presented to the state courts, with the result that available state remedies have been exhausted within the meaning of 28 U.S.C. § 2254(b)–(c).

### III. *Procedural Default*

Petitioner contends that this court should conclude, not only that there has been exhaustion of state remedies, but also that, notwithstanding the Superior Court's determination of waiver, petitioner did not commit a procedural default as a matter of law. We will not address the issue of procedural default, but rather leave the issue to the district court to decide on remand.

■ Regardless of whether a petitioner has exhausted available state remedies, a default in compliance with state procedural rules for raising a claim may be an independent and adequate state ground for denial of federal habeas corpus relief. *See Engle v. Isaac,* 456 U.S. 107, 129, 102 S.Ct. 1558, 1572, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 86–87, 97 S.Ct. 2497, 2506–07, 53 L.Ed.2d 594 (1977). Upon a finding of procedural default, a federal court must apply the appropriate standard to determine if the court may nevertheless consider the merits of the habeas corpus petition. *See, e.g., Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963) ("deliberate bypass" standard); *Wainwright,* 433 U.S. at 87, 97 S.Ct. at 2506 ("cause and prejudice" standard); *Diggs v. United States,* 740 F.2d 239, 244 (3d Cir.1984) ("deliberate bypass" standard).

■ In this case, upon concluding that the petitioner did not exhaust state reme-

---

8. The correctness of the Pennsylvania Superior Court's conclusion that Swanger had waived two claims on appeal for failure to raise them in post-trial motions is irrelevant to this court's determination of exhaustion. We need only conclude that the claims were fairly *presented* to the state courts in order to determine that there was exhaustion of state remedies.

A proper determination of the waiver issue is, however, relevant to the question whether Swanger committed a "procedural default." If he did, the default may act as an independent and adequate state ground for denying Swanger federal habeas corpus relief (*see, infra,* part III of this opinion).

dies, the district court did not need to address the question of procedural default. As a result, the district court did not examine the full state court record of proceedings in rendering its decision. The state court record is, therefore, not before this court, though several documents from the record have been provided to us by petitioner.[9] Accordingly, we will not decide the question of procedural default.

Petitioner contends that this court can take judicial notice of motions, briefs, opinions, and other documents in the state court record that have been made available to us. Petitioner relies on this court's opinion in *United States ex rel. Geisler v. Walters*, 510 F.2d 887 (3d Cir.1975). In *Geisler*, this court took judicial notice of briefs and petitions submitted to the appellate courts of Pennsylvania in order to conclude that the habeas corpus petitioner in that case had exhausted his state remedies. *Id.* at 890 n. 4. Similarly, for the purpose of determining that there was exhaustion of state remedies, this court does take judicial notice of the state court documents provided to us by petitioner. The documents, though not comprising the entire

state court record, demonstrate that petitioner adequately presented his claims to the state courts.

Nevertheless, although an examination of these documents also suggests that petitioner committed no procedural default,[10] we believe that such a determination should be made based on a review of the entire state court record. Therefore, we will reverse the judgment and remand this case to the district court. We remand so that the district court may examine the entire state court record to determine if petitioner committed a procedural default and, upon such determination, may proceed accordingly.

---

9. The documents from the state court record that have been furnished by petitioner include, *inter alia*, the Omnibus Pre-Trial Motion, the transcript of the post-verdict colloquy between the trial court and defendant, the Motion in Arrest of Judgment, the Motion For New Trial, the Statement of Issues from both the defendant's and the Commonwealth's Post-Verdict Briefs, the trial court's Opinion and Order on Post-Verdict Motions, the Opinion and Order of the Pennsylvania Superior Court, and the Petition for Allowance of Appeal to the Pennsylvania Supreme Court (see App. pp. A–1 to N–1).

10. The Pennsylvania Superior Court concluded that petitioner had waived two claims on appeal by failing to raise them in post-trial motions. The court relied, *inter alia,* on Rule 1123(c) of the Pennsylvania Rules of Criminal Procedure, which states that "upon the finding of guilt, the trial judge shall advise the defendant on the record: ... (3) that only the grounds contained in [post-trial] motions may be raised on appeal." Pa.R.Crim.P., Rule 1123(c), 42 Pa.C.S.A. The documents from the state court record provided to this court indicate that the Superior Court's conclusion.was incorrect.

First, it appears that the trial judge did not give petitioner the instructions required by Pa.

R.Crim.P. 1123(c)(3) (see App. p. M–1). Without the benefit of such instructions, a defendant cannot be held to have knowingly and intelligently waived his right to appeal. *See, e.g., Commonwealth v. Brown,* 489 Pa. 285, 293–94, 414 A.2d 70, 74–75 (1980); *Commonwealth v. Marrero,* 478 Pa. 97, 101, 385 A.2d 1331, 1333–34 (1978).

Second, even if petitioner was properly instructed as to the requirements for preserving an issue for appeal, it appears that he satisfied those requirements. Although not specifically stating two of his claims in the post-trial motions, petitioner nevertheless argued them in his accompanying brief (see App. p. H–2). Moreover, the Commonwealth refuted the two claims in its brief (see App. p. I–2), and the trial court acknowledged that it had considered all the claims argued in the briefs (see App. p. J–1). Under similar circumstances, the Pennsylvania Supreme Court has concluded that Rule 1123 has been substantially complied with. *See Commonwealth v. Perillo,* 474 Pa. 63, 65–66, 376 A.2d 635, 636–37 (1977). Thus, there appears to be insufficient justification for the Superior Court's determination of waiver.