560

Samuel ROSS

v.

Thomas FULCOMER, et al.

Civ. A. No. 84–5774.

United States District Court,
E.D. Pennsylvania.

May 1, 1985.

On Motion for Reconsideration
June 4, 1985.

Samuel Ross, pro se.

Andrew Rogoff, Asst. Dist. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM AND ORDER

RAYMOND J. BRODERICK, District Judge.

Petitioner Samuel Ross, currently confined at the State Correctional Institution at Huntingdon, Pennsylvania, has filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. United States Magistrate Peter B. Scuderi, to whom the petition was referred for a report and recommendation, has recommended dismissing the petition for failure to exhaust state remedies. Ross has objected to Magistrate Scuderi's report and recommendation, contending that he has exhausted his state remedies and requesting a determination of the merits of his petition. After careful consideration of the Magistrate's report and the record in this case, the Court has, for the reasons set forth below, determined that Ross has satisfied the exhaustion requirement of 28 U.S.C. § 2254(b) with respect to all of the claims raised in his petition. This Court thus will not dismiss this petition for failure to exhaust state remedies, but will refer the matter back to Magistrate Scuderi for further proceedings not inconsistent with 28 U.S.C. § 636, including a report and recommendation on the merits of the claims raised in this petition.

### History

Ross was convicted of attempted rape and robbery in the Court of Common Pleas of Philadelphia County in 1977. He was sentenced to a two-to-ten year term on the robbery conviction and a concurrent two-to-twelve year term on the attempted rape conviction. He filed a post-trial motion for a new trial in the Court of Common Pleas, alleging that (1) the Pennsylvania Rape Shield Law, 18 Pa.Cons.Stat.Ann. § 3104, is unconstitutional; (2) the prosecution intentionally failed to disclose, prior to trial, an allegedly incriminating statement made by Ross to the police (prior to his arrest) while he was in a "delirious" condition, which statement was admitted against him at trial; (3) certain "inflammatory" remarks made by the prosecutor at trial constituted gross misconduct and deprived Ross of a fair trial; and (4) the prosecutor improperly informed the jury that Ross was in custody during the trial. Ross' motion for a new trial was denied. Ross appealed to the Pennsylvania Superior Court, raising the same four grounds. He also claimed, in connection with his allegation of prosecutorial misconduct, that the Commonwealth had failed to provide a full and complete transcript with which he could document other allegedly prejudicial remarks of the prosecutor which allegedly were not made a part of the trial record. The Superior Court affirmed his conviction and sentence. *Commonwealth v. Ross*, 285 Pa.Super. 622, 427 A.2d 1220 (1980).

Ross did not petition the Pennsylvania Supreme Court for allocatur immediately after his conviction was affirmed by the Superior Court in 1980. In 1983, he filed a pro se petition for a writ of habeas corpus in this Court. *Ross v. Fulcomer*, No. 83–900 (E.D.Pa.1983). In that petition, he raised the same grounds for relief as he had raised in his post-trial motion and in his appeal to the Superior Court. He also alleged that he had been unable to file a timely petition for allocatur in the Pennsylvania Supreme Court because his appellate counsel had failed to inform him of the Superior Court's decision and that he did not become aware of that decision until long after the time period for filing a petition for allocatur had expired. In an Order dated December 27, 1983, this Court approved the report and recommendation of Magistrate Scuderi and dismissed Ross' habeas petition for failure to exhaust state remedies. Ross was directed to file a petition for allocatur *nunc pro tunc* with the Pennsylvania Supreme Court.

In March of 1984, Ross filed a pro se petition for allocatur *nunc pro tunc* with the Pennsylvania Supreme Court. In that petition he raised all of his claims which he had raised in his post-trial motion, his appeal to the Superior Court, and his federal habeas corpus petition. In addition, he alleged that his trial counsel had been ineffective in failing to object to certain of the prosecutor's allegedly prejudicial remarks.

Finally, he alleged that his petition for allocatur was untimely because his appellate counsel had been ineffective in failing to advise him of the Superior Court's decision and in failing to preserve his right to file a timely petition for allocatur. On June 29, 1984, the Pennsylvania Supreme Court dismissed Ross' petition for allocatur *nunc pro tunc* "without prejudice to petitioner's rights under the Post-Conviction Hearing Act" (PCHA) (42 Pa.Cons.Stat.Ann. § 9541 et seq.).

On August 23, 1984, Ross filed a second petition for a writ of habeas corpus in this Court. *Ross v. Fulcomer*, No. 84–4036 (E.D.Pa.1984). He noted that he had, as directed by the Court in his first habeas petition, filed a petition for allocatur *nunc pro tunc*, which the Pennsylvania Supreme Court had denied without prejudice to his rights under the PCHA. He raised in the second habeas petition all of the issues he had raised in his first habeas petition. However, he also included allegations of ineffective assistance of trial and appellate counsel, which issues were not raised in his direct appeal. In a Memorandum and Order dated October 29, 1984, this Court observed that "as to the issues raised in the Superior Court on direct appeal, it would appear that petitioner has exhausted his state remedies" in view of the Pennsylvania Supreme Court's disposition of his petition for allocatur *nunc pro tunc*. *Ross v. Fulcomer*, No. 84–4036, slip op. at 1–2 (E.D.Pa.1984). However, in view of the fact that this second habeas petition included claims of ineffective assistance of counsel that were not presented to the state court in his post-trial motion or on direct appeal, the Court determined that his petition would again be dismissed because of the inclusion of those unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court stated that "Petitioner may either drop the unexhausted claims and proceed solely on the exhausted grounds, or he may wish to exhaust all his claims in the state courts under the Post-Conviction Hearing Act before returning to federal court."

*Ross v. Fulcomer*, No. 84–4036, slip op. at 2 (E.D.Pa.1984).

Ross then filed this present petition—his third federal habeas petition—on November 26, 1984, raising only those issues which he presented to the Superior Court on direct appeal. *Ross v. Fulcomer*, No. 84–5774 (E.D.Pa.1984). He has not included any allegations of ineffective assistance of counsel. The Magistrate nevertheless has recommended that this petition again be dismissed for failure to exhaust state remedies. The Magistrate reasoned that Ross did not "fairly present" his claims to the Pennsylvania Supreme Court in his petition for allocatur *nunc pro tunc* because his petition included claims of ineffective assistance of counsel, and that the general practice of the Pennsylvania Supreme Court with respect to such claims which were not raised on direct appeal is to dismiss the petition without prejudice to the petitioner's right to proceed under the PCHA. The Magistrate also noted that Ross had failed to follow the order of the Pennsylvania Supreme Court directing him to an available state remedy, i.e., a PCHA petition. This Court must, therefore, review the exhaustion requirement of 28 U.S.C. § 2254 as applicable to the circumstances of this case.

*Exhaustion*

■ A petitioner for a writ of habeas corpus in the federal court bears the burden of showing that all of his claims were fairly presented to the highest state court, so that it had the opportunity to rule on the "substantial equivalent" of each of the claims presented to the federal court. *Jones v. Superintendent of Rahway State Prison*, 725 F.2d 40, 42 (3d Cir.1984); *Santana v. Fenton*, 685 F.2d 71, 73–74 (3d Cir.1982). The exhaustion requirement of 28 U.S.C. § 2254(b)–(c) "has been judicially interpreted to mean that claims must have been *presented* to the state courts; they need not have been considered or discussed by those courts." *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir.1984), citing *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

Thus, if a claim is actually presented to the highest state court—for example, in the petitioner's brief—exhaustion does not require that the state court actually ruled on the merits of the claim. *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Swanger v. Zimmerman,* 750 F.2d at 291. Indeed, even where the state court expressly did *not* consider the merits of a claim on the ground that it was deemed waived as a result of a procedural default, the claim must be considered to be exhausted if *presented* to the state court. *See Swanger v. Zimmerman,* 750 F.2d at 296 n. 8. Furthermore, the Third Circuit has determined that "[a] denial of allocatur ... or a similar refusal to entertain an appeal constitutes a sufficient presentation for purposes of exhaustion." *United States ex rel. Geisler v. Walters,* 510 F.2d 887, 892 n. 11 (3d Cir.1975). Finally, it is well-settled in this Circuit that a habeas petitioner who has presented all of his claims to the Pennsylvania Supreme Court need not also exhaust his remedies under the PCHA. *Swanger v. Zimmerman,* 750 F.2d at 295; *Codispoti v. Howard,* 589 F.2d 135 (3d Cir.1978); *United States ex rel. Schultz v. Brierley,* 449 F.2d 1286 (3d Cir.1971).

In the present case, the Magistrate reasoned that although all of Ross' grounds for relief in this habeas petition had been presented to the Pennsylvania Supreme Court, they had been presented in a "procedurally defective manner" which had prevented that court from ruling on their merits. The Magistrate decided that the inclusion of an ineffective assistance of counsel claim required the Pennsylvania Supreme Court, in accordance with its general practice, to refer Ross to his remedies under the PCHA. It appears that in cases where a defendant files an untimely appeal or a petition for allocatur *nunc pro tunc,* alleging that counsel's ineffectiveness was responsible for the untimeliness of the appeal or petition, the Pennsylvania appellate courts generally dismiss or deny such appeals or petitions without prejudice to the petitioner's right to file a petition under the PCHA, wherein the petitioner could raise his ineffective assistance of appellate counsel claim and request the PCHA court to grant him leave to file an appeal or an allocatur petition *nunc pro tunc. See generally Commonwealth v. Miranda,* 296 Pa.Super. 441, 442 A.2d 1133 (1982). However, there have been cases where a defendant has alleged (by way of explaining the untimeliness of his petition for allocatur) that his counsel failed to advise him of the disposition of his direct appeal, and the Pennsylvania Supreme Court apparently has reviewed the petition without regard to its untimely filing. *See McClendon v. Jeffes,* 578 F.Supp. 115 (E.D.Pa.1983). Indeed, it cannot be determined with certainty the extent to which any denied petition for allocatur—timely or untimely—was reviewed "on the merits." In the present case, it is impossible to determine whether the Pennsylvania Supreme Court's brief reference to Ross' PCHA rights was directed to his claims of ineffective assistance of counsel, the claims he raised in his direct appeal, or some combination of those claims.

In *Moore v. Fulcomer,* No. 84–5036, slip op. (E.D.Pa. February 5, 1985), a state prisoner seeking a writ of habeas corpus in the federal court had, like Ross, filed an untimely petition for allocatur in the Pennsylvania Supreme Court, alleging that his appellate counsel had been ineffective in failing to inform him of the Superior Court's decision. In *Moore,* as in this case, the Pennsylvania Supreme Court had denied Moore's untimely petition for allocatur without prejudice to his right to seek relief under the PCHA. In *Moore,* as in this case, all of the claims raised in the habeas petition also had been raised in the petition for allocatur. Judge Pollak of this Court determined that (1) the Pennsylvania Supreme Court's denial of allocatur "without prejudice" constituted a sufficient presentation of Moore's claims to the highest state court for the purposes of the habeas exhaustion requirement, and (2) that Moore was not required to pursue any further remedies under the PCHA. *Moore v. Fulcomer, supra,* slip op. at 4.

■ All of the claims raised by Ross in this habeas petition were presented to the Superior Court and to the Pennsylvania Supreme Court in his petition for allocatur. He has filed two previous petitions for a writ of habeas corpus in this Court, and after the dismissals of each of those two petitions, he dutifully attempted, without the benefit of counsel, to comply with this Court's directions. It would be fundamentally unfair to now require him to return once again to the state court to commence a PCHA proceeding, apparently with respect to an isolated claim of ineffective assistance of counsel (a claim he is not pressing before this Court), solely in order to seek leave to file *another* petition for allocatur *nunc pro tunc* in which he may *again* present his claims to the Pennsylvania Supreme Court. Such a requirement would consume months of additional and unnecessary litigation. Furthermore, it must be noted that many petitioners for habeas relief in the federal court who have failed to present *any* petition for allocatur to the Pennsylvania Supreme Court have been deemed to have exhausted their state remedies (because filing a petition for allocatur *nunc pro tunc* was determined to be futile), and have received a review of the merits of their habeas petitions so long as there is no evidence in the record that their failure to present their claims to the Pennsylvania Supreme Court was a "deliberate by-pass" of the appellate process. *See, e.g., Thomas v. Zimmerman,* 583 F.Supp. 701 (E.D.Pa.1984); *Almeida v. Jeffes,* 566 F.Supp. 852 (E.D.Pa.1983); *Choice v. Pennsylvania Board of Parole,* 448 F.Supp. 294 (M.D.Pa.1977); *cf. Beaty v. Patton,* 700 F.2d 110 (3d Cir.1983). It would be anomalous for the federal courts to review the merits of the claims of those petitioners who *never* sought review from the Pennsylvania Supreme Court while declining to review (on the basis of an indeterminate one line per curiam order from the Pennsylvania Supreme Court) the claims of petitioners like Ross, who *have* presented their claims to Pennsylvania's Superior and Supreme Courts.

The exhaustion requirement is a rule of comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Wilwording v. Swenson,* 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971), quoting *Fay v. Noia,* 372 U.S. 391, 438, 83 S.Ct. 822, 848 (1963). The state courts have been given that opportunity with respect to all of the claims Ross raises in this petition. The "mere possibility of success in additional [state] proceedings" does not bar federal review of claims which already have been presented to all the state appellate courts. *Codispoti v. Howard,* 589 F.2d at 142 (citations omitted). If the Pennsylvania Supreme Court did not reach the merits of Ross' claims because his pro se petition was procedurally defective, an issue of waiver, rather than a failure of exhaustion, is presented. As the Third Circuit has emphasized, "it is the legal issues that are to be exhausted, not the petitioner." *United States ex rel. Geisler v. Walters,* 510 F.2d at 893. This Court has determined that Ross has satisfied the exhaustion requirement of 28 U.S.C. § 2254, and need not return to the state court to pursue a PCHA remedy.

*Waiver*

■ In its response to Ross' petition for a writ of habeas corpus, the Commonwealth contends if Ross' claims are deemed to be exhausted, this Court nevertheless may not review the merits of those claims because Ross' apparent failure to obtain a review of the merits of his claims by the Pennsylvania Supreme Court constitutes a "procedural default" which precludes federal review of those claims. Assuming that the Pennsylvania Supreme Court did not reach the merits of the claims raised in this habeas petition because his petition for allocatur was procedurally defective, Ross nevertheless will not be barred from raising those claims in this Court absent a showing that his "default" was a "deliberate bypass" of the appellate procedure. *See Beaty v. Patton,* 700 F.2d at 113, citing *Wainwright v. Sykes,* 433 U.S. 72, 91–94, 97 S.Ct. 2497, 2508–2510, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring). In this

case, especially given Ross' efforts to seek a review of his claims in both state and federal court, this Court has determined that there is no basis in the record from which it could find that Ross' failure to receive a review of the merits of his claims by the Pennsylvania Supreme Court constituted a deliberate bypass of that appellate procedure. *See Moore v. Fulcomer*, No. 84–5036, slip op. at 4 n. 1 (E.D.Pa. February 5, 1985); *Thomas v. Zimmerman*, 583 F.Supp. at 705; *Almeida v. Jeffes*, 566 F.Supp. at 854.

■ Finally, the Court notes that the Superior Court did not consider Ross' claim that the Pennsylvania Rape Shield Law is unconstitutional because Ross' appellate counsel apparently did not notify the Attorney General of Pennsylvania that he was challenging the constitutionality of the statute, as required by Pa.R.App.P. 521. *See Commonwealth v. Ross*, No. 621 October Term, 1978, slip op. at 14 (Superior Court 1980). Ross' statutory claim was raised at trial, and also was raised and briefed in Ross' post-trial motions and in his appeal. Because the failure to comply with Pa.R.App.P. 521 involves a procedural default in connection with an appellate proceeding, and because in fact the issue was raised in the appeal, the "deliberate bypass" waiver standard applies. *See Diggs v. United States*, 740 F.2d 239, 244 (3d Cir.1984); *Beaty v. Patton*, 700 F.2d at 113; *cf. United States ex rel. Caruso v. Zelinsky*, 689 F.2d 435, 440–43 (3d Cir. 1982). Again, there is no basis in this record from which this Court could conclude that the failure to notify the Commonwealth's Attorney General of the existence of the constitutional challenge to the statute could in any way be deemed a deliberate bypass of the appellate procedure, and indeed the Commonwealth does not contend that the non-compliance with Pa.R. App.P. 521 constitutes a waiver of that claim in this Court.

For all the reasons set forth above, this Court has determined that Ross has exhausted his state remedies with respect to all of the issues raised in this petition for a writ of habeas corpus, and that he has not waived any of those claims for purposes of federal review. Accordingly, this matter will be referred back to Magistrate Scuderi for further proceedings not inconsistent with 28 U.S.C. § 636, including a report and recommendation on the merits of the claims.

ON MOTION FOR RECONSIDERATION

This is a *pro se* petition for a writ of habeas corpus filed by Samuel Ross. In a Memorandum and Order dated May 1, 1985 this Court determined that Ross had exhausted his available state remedies and referred the case back to United States Magistrate Peter B. Scuderi for consideration of the merits of the petition. The District Attorney of Philadelphia County (respondent) has filed a motion for reconsideration of this Court's determination of the exhaustion issue, requesting the Court to vacate its Order of May 1, 1985. After reconsideration of the matter, for the reasons set forth below, the Court will deny respondent's motion to vacate its Order of May 1, 1985.

The procedural history of this action in both the state and federal courts is set forth at length in the Court's Memorandum of May 1, 1985, and will only be summarized here. Following his conviction in the Court of Common Pleas of Philadelphia County in 1977 for robbery and attempted rape, Ross filed a post-trial motion for a new trial in the Court of Common Pleas, raising four legal claims in support of his motion for a new trial. The motion was denied. Ross then appealed his conviction to the Pennsylvania Superior Court, raising the same four legal claims. His appeal was denied in 1980. In 1983, Ross filed a *pro se* petition for a writ of habeas corpus in this Court, raising the same four legal issues. That petition was dismissed for failure to exhaust state remedies, and Ross was directed to file a petition for allocatur *nunc pro tunc* with the Pennsylvania Supreme Court, in order to provide that court with the opportunity to review the merits of his claims.

Ross filed a *pro se* petition for allocatur *nunc pro tunc* with the Pennsylvania Supreme Court in 1984, raising the same claims as he had raised in his direct appeal. He also alleged that his petition for allocatur was untimely because his appellate counsel had been ineffective in failing to preserve his right to file a timely petition for allocatur. The Pennsylvania Supreme Court dismissed Ross' petition for allocatur *nunc pro tunc* "without prejudice to petitioner's rights under the Post-Conviction Hearing Act" (PCHA) (42 Pa.Cons.Stat. Ann. § 9541 et seq.).

Ross then filed a second petition for a writ of habeas corpus in this Court, raising the same four legal issues as he had raised in his post-trial motion, his direct appeal, and his petition for allocatur *nunc pro tunc*. However, he also raised claims of ineffective assistance of counsel which had not been presented in his post-trial motion or on direct appeal. In a Memorandum and Order dated October 28, 1984, this Court observed that "as to the issues raised in the Superior Court on direct appeal, it would appear that petitioner has exhausted his state remedies" in view of the Pennsylvania Supreme Court's disposition of his petition for allocatur *nunc pro tunc*. *Ross v. Fulcomer*, No. 84–4036, slip op. at 1–2 (E.D.Pa.1984). However, in view of the fact that this second habeas petition included claims of ineffective assistance of counsel that were not presented to the state court in his post-trial motion or on direct appeal, the Court determined that his petition would again be dismissed because of the inclusion of those unexhausted claims, pursuant to *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court stated that "Petitioner may either drop the unexhausted claims and proceed solely on the exhausted grounds, or he may wish to exhaust all his claims in the state courts under the Post-Conviction Hearing Act before returning to federal court." *Ross v. Fulcomer*, No. 84–4036, slip op. at 2 (E.D.Pa.1984). Ross thereupon filed this present petition—his third federal habeas petition—raising only those four issues which he presented to the Superior Court

on direct appeal. He has not raised any claims of ineffective assistance of counsel in this habeas petition.

The respondent contends that Ross has not exhausted his state remedies because the legal claims raised in this petition were not "fairly presented" to the Pennsylvania Supreme Court in his petition for allocatur *nunc pro tunc*. The respondent contends that the Pennsylvania Supreme Court was unable to review the merits of Ross' legal claims prior to a determination (by a PCHA court) of Ross' ineffective assistance of appellate counsel claim. According to the respondent's interpretation of the Pennsylvania Supreme Court's one-line dismissal of Ross' petition for allocatur, Ross must file a PCHA petition to litigate his ineffective assistance of appellate counsel claim. If he proves successful on that claim in the PCHA court, he will be granted leave to file another petition for allocatur *nunc pro tunc* with the Pennsylvania Supreme Court, which would be considered to be timely filed. Of course, there is no assurance that this petition for allocatur would be granted and reviewed "on the merits." However, a denial of allocatur is a sufficient "presentation" of claims to the Pennsylvania Supreme Court for purposes of exhaustion, and the respondent contends that it is not until the Pennsylvania Supreme Court has had the opportunity to grant or deny Ross' petition for allocatur, *after* the PCHA court has resolved Ross' ineffective assistance of appellate counsel claim, that Ross' state remedies will be fully exhausted.

As pointed out in the Court's Memorandum of May 1, 1985, the meaning and intent of the Pennsylvania Supreme Court's dismissal without prejudice to Ross' PCHA rights is by no means clear. Memorandum of May 1, 1985 at 8; *see also Moore v. Fulcomer*, No. 84–5036, slip op. at 6–8 (E.D.Pa. May 10, 1985). If the Pennsylvania Supreme Court intended to decline review of Ross' claims but to indicate that its denial of allocatur should not bar consideration of Ross' challenges to his conviction under the PCHA, then it is clear that Ross

has exhausted his state remedies because a federal habeas petitioner who has presented all of his claims to the Pennsylvania Supreme Court need not also pursue a "second round" of state court review by way of the PCHA. *Swanger v. Zimmerman*, 750 F.2d 291, 295 (3d Cir.1984); *Moore v. Fulcomer, supra*, slip op. at 10. Assuming, however, (as respondent contends) that the Pennsylvania Supreme Court's Order should be interpreted to mean that the Supreme Court *will* consider a *nunc pro tunc* petition for allocatur *after* Ross has pursued his ineffective assistance of counsel claim through the PCHA, the issue presented is whether Ross must exhaust that avenue of relief prior to filing his federal habeas petition. This Court remains convinced that under the circumstances of this case, particularly in light of the Court's previous instructions to Ross,

> It would be fundamentally unfair to ... require [Ross] to return once again to the state court to commence a PCHA proceeding, apparently with respect to an isolated claim of ineffective assistance of counsel (a claim he is not pressing before this Court), solely in order to seek leave to file *another* petition for allocatur *nunc pro tunc* in which he may *again* present his claims to the Pennsylvania Supreme Court.

Memorandum of May 1, 1985, at 9–10. Moreover, as Judge Pollak of this Court recently has held under virtually identical circumstances, "[t]o require pursuit of necessarily lengthy remedies on the question of ineffective assistance of appellate counsel to obtain a delayed direct appeal and ultimately arrive at the steps of the federal court would seem to disrespect [petitioner's constitutional] claims while inflating the exhaustion requirement beyond proper bounds." *Moore v. Fulcomer, supra*, slip op. at 16.

In its motion for reconsideration the respondent relies upon *Ex parte Hawk*, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572 (1944) and *Pitchess v. Davis*, 421 U.S. 482, 95 S.Ct. 1748, 44 L.Ed.2d 317 (1975), for the proposition that a federal habeas petitioner must present his claims to the state courts in "reviewable" form to satisfy the exhaustion requirement. However, in *Hawk* and *Pitchess* the federal habeas petitioners had failed to secure *any* review of the merits of their federal claims by *any* state appellate courts. In *Pitchess*, the petitioner's federal claims were presented in a *pretrial* motion, the denial of which the petitioner sought to review *prior to trial* by means of unsuccessful extraordinary writs filed in the state appellate courts. In *Hawk*, the petitioner's only effort to secure a state court review of his federal claims was through a state habeas corpus action erroneously filed with the state Supreme Court. In contrast, the issues presented by Ross in the present habeas petition were analyzed by the trial court and the Superior Court, and were included in the brief submitted to the Pennsylvania Supreme Court. Thus the state courts have been presented with the " 'opportunity to pass upon and correct' alleged violations" of Ross' federal rights. *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971), quoting *Fay v. Noia*, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 (1963). Clearly the comity concerns underpinning the exhaustion requirement have been satisfied by Ross in this case, and this Court accordingly has determined that Ross need not pursue further state court remedies through the PCHA.

*Waiver*

The respondent also contends in its motion for reconsideration that Ross' apparent failure to secure a review "on the merits" from the Pennsylvania Supreme Court constitutes a "procedural default" which precludes federal review of his claims. Assuming that the Pennsylvania Supreme Court did not reach the merits of the claims raised in this habeas petition because Ross' petition for allocatur was untimely, he nevertheless will not be barred from raising those claims in this Court absent a showing that his "default" was a "deliberate bypass" of the appellate procedure. *See Beaty v. Patton*, 700 F.2d 110, 113 (3d Cir.1983), citing *Wainwright v. Sykes*, 433

**568**

U.S. 72, 91–94, 97 S.Ct. 2497, 2508–2510, 53 L.Ed.2d 594 (1977) (Burger, C.J., concurring). In his *pro se* petition for allocatur *nunc pro tunc*, Ross stated that his appellate counsel "abandoned" him, failed to notify him of the Superior Court's decision, and failed to take "the simple steps on petitioner's behalf [necessary] to preserve and protect petitioner's timely appeal rights." In its motion for reconsideration the respondent has attached a copy of a letter purportedly sent to Ross by his appellate counsel in which counsel informed Ross that (1) Ross' conviction was upheld by the Superior Court, (2) Ross had thirty days to file a petition for allocatur with the Pennsylvania Supreme Court, and (3) he (counsel) could no longer represent Ross. Assuming that Ross received this letter, there still is no evidence from which the Court could conclude that Ross "deliberately bypassed" his appellate rights. Indeed, the letter supports Ross' contention that he was "abandoned" by his appellate counsel (in apparent violation of Pa.R.Crim.P. 316(c)(iii), which provides that assignment of counsel "shall be effective until final judgment, including all proceedings on direct appeal," *see Commonwealth v. Hickox*, 433 Pa. 144, 249 A.2d 777 (1969) (assignment includes petition to Pennsylvania Supreme Court)).

The United States Supreme Court has defined the "deliberate bypass" test as follows:

> The classic definition of waiver enunciated in *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461—"an intentional relinquishment or abandonment of a known right or privilege"—furnishes the controlling standard. If a habeas applicant, after consultation with competent counsel or otherwise, understandingly and knowingly forewent the privilege of seeking to vindicate his federal claims in the state courts, whether for strategic, tactical, or any other reasons that can fairly be described as the deliberate by-passing of state procedures, then it is open to the federal court on habeas to deny him all relief if the state courts refused to entertain his fed-

eral claims on the merits ... At all events we wish it clearly understood that the standard here put forth depends on the considered choice of the petitioner. *Fay v. Noia*, 372 U.S. 391, 440, 83 S.Ct. 822, 849, 9 L.Ed.2d 837 (1963) (citation omitted). As noted in this Court's prior Memorandum, "in this case, especially given Ross' efforts to seek a review of his claims in both state and federal court, ... there is no basis in the record from which [the Court] could find that Ross' failure to receive a review of the merits of his claims by the Pennsylvania Supreme Court constituted a deliberate bypass of that appellate procedure." Memorandum of May 1, 1985, at 12.

For all of the reasons set forth above, the Court has determined that the respondent's motion to vacate the Court's Order of May 1, 1985 will be denied.