Jeffrey A. COWGILL

v.

Charles ZIMMERMAN and The Attorney General of the State of Pennsylvania and the District Attorney of Montgomery County.

Civ. A. No. 86–0130.

United States District Court, E.D. Pennsylvania.

Aug. 27, 1987.

Jeffrey Cowgill, in pro. per.

James W. Staerk, Asst. Dist. Atty., Norristown, Pa., for defendant.

### MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This *pro se* petition for writ of habeas corpus, filed January 9, 1986, pursuant to 28 U.S.C. § 2254 (West 1977 and Supp. 1986) challenges the lawfulness of petitioner's confinement at the State Correctional Institution at Graterford, Pennsylvania. Petitioner contends that the conviction on which he is serving a six- to twelve-year sentence was obtained in violation of his Sixth Amendment right to a speedy trial and his Sixth Amendment right to effective assistance of counsel.

Petitioner was arrested on January 2, 1980, on charges of "rape, assault—attempt, assault—bodily injury, assault—menace, aggravated assault—attempt serious bodily insury, aggravated assault—serious bodily injury, recklessly endangering another person, and terroristic threats."

On July 9, 1980, a trial before the Honorable Louis D. Stefan, Court of Common Pleas, Montgomery County, resulted in petitioner's conviction of rape and simple assault—menace. On February 17, 1981, Judge Stefan heard oral argument on postverdict motions, which he denied on March 2, 1981. Judge Stefan sentenced petitioner on March 13, 1981, to not less than six nor more than twelve years' imprisonment on the rape count; he suspended sentence on the simple assault—menace count. Petitioner timely filed a motion to reconsider the sentence; Judge Stefan denied that motion on March 23, 1981.

The Superior Count of Pennsylvania, on direct appeal, denied relief and affirmed the judgment of sentence. *Commonwealth v. Cowgill*, 309 Pa.Super. 622, 455 A.2d 208 (1983). Allocatur was denied by the Supreme Court of Pennsylvania on March 6, 1983.

Petitioner filed a habeas corpus petition with this court on June 18, 1984 (C.A. 84–2949). That petition was denied without prejudice on December 5, 1985, for failure to exhaust state remedies because the petition raised several issues not yet raised in the Pennsylvania courts. *See Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1981); *Swanger v. Zimmerman*, 750 F.2d 291 (3d Cir.1984).

Following the filing of this second petition, on January 9, 1986, the court referred the matter to Administrative United States Magistrate Tullio Gene Leomporra for report and recommendation. A motion to dismiss was filed by the district attorney of Montgomery County on February 21, 1987. Petitioner filed a "traverse" to the Commonwealth's motion on March 17, 1987. Upon consideration of the pleadings, memoranda, and the state court record in this matter, Administrative Magistrate Leomporra by Report and Recommendation of March 2, 1987, recommended that the petition for writ of habeas corpus be denied and dismissed without an evidentiary hearing. On March 9, 1987, petitioner filed timely objections to the administrative magistrate's Report and Recommendation. Pursuant to 28 U.S.C.A. § 636(b)(1) (West 1968 and Supp.1987), this court must deter-

mine *de novo* the issues to which petitioner has objected.

The court approves and adopts Administrative Magistrate Leomporra's determination that petitioner had exhausted state remedies available at the time of his federal petition. Report and Recommendation at 3–4; *see Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir.1982); 28 U.S.C.A. § 2254(b).

■ Petitioner objects to the administrative magistrate's finding that his speedy trial rights were not abridged. A balancing test applies. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (well over five-year delay between arrest and trial extraordinary). Four factors to assess in determining whether a particular defendant has been deprived of his right to a speedy trial are: length of delay, reasons for the delay, defendant's assertion of his right, and prejudice to defendant. *Id.* at 530, 92 S. Ct. at 2191–92. The Supreme Court has stated that, "[t]he length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." *Id.* In *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) (per curiam), the Supreme Court reiterated the need to balance the factors enunciated in *Barker.* In *Moore*, the Supreme Court found a three-year delay from charge to trial to be a "close case under *Barker v. Wingo* " and remanded for further consideration of all of the *Barker* factors.

■ Petitioner's trial was held 187 days after the filing of charges against him. Pennsylvania law requires that an accused be tried within 180 days after charges are filed. Pa.R.Crim.P. 1100(a)(2). Judge Stefan found before the trial that the 187–day delay did not violate petitioner's rights under Pa.R.Crim.P. 1100(a)(2); this court may not review that finding. The time lag of just over six months between the filing of charges and the beginning of trial is not so

unreasonable that it violates petitioner's federal constitutional rights to a speedy trial under the facts of this case. The delay here is not comparable to that found to trigger further inquiry in *Barker* and *Moore*.

■ The reasons for delay in bringing petitioner to trial relate to the substantial backlog of criminal cases in the Montgomery County court system. While the problems in the court system may have been serious, they do not justify depriving an accused of his Sixth Amendment right to a speedy trial. *Cf. Burkett v. Cunningham*, 826 F.2d 1208, 1222–1225 (3d Cir.1987). The Constitution requires the Commonwealth to try an accused in a timely fashion. If the Commonwealth is unable to try an accused within the time permitted under the Sixth Amendment, charges would have to be dismissed. For example, the delay in the court system would not justify a delay of several years in bringing an accused to trial. However, the Constitution does not require that an accused be brought to trial within the 180 days that the Pennsylvania speedy trial statute requires.

■ In addition, petitioner has not made a sufficient showing of prejudice. Petitioner has not alleged that due to the delay his defense was any more difficult to present because of the unavailability of witnesses or their loss of memory. While a sufficiently long delay may constitute prejudice even where it does not result in impairment of a potential defense, *see Barker*, 407 U.S. at 532, 92 S.Ct. at 2192–93 (prejudice assessed *inter alia* in light of interest in avoiding oppressive pretrial incarceration and minimizing anxiety and concern of accused), the delay of 187 days did not.

■ Although petitioner's Sixth Amendment right to a speedy trial was not violated, the court is concerned with petitioner's contention that had he waived his right to a jury trial, he would not have been subject to the same delay. Petitioner is correct that "A defendant in a criminal proceeding is entitled to certain rights and protections which derive from a variety of sources. He is entitled to all of them; *he cannot be forced to barter one for another. When the exercise of one right is made contingent upon the forbearance of another, both rights are corrupted."* Petitioner's Memorandum of Law at 8 (citing *United States ex rel. Wilcox v. Johnson*, 555 F.2d 115, 120 (3d Cir.1977)). This court recognizes that the state court must exercise discretion in scheduling. However, no accused should be required to waive his or her right to trial by jury to receive a timely trial, but because petitioner received his trial by jury within the time required by the Sixth Amendment, neither of his rights was sacrificed.

Petitioner also objects to Administrative Magistrate Leomporra's determination that he was not denied his Sixth Amendment right to effective assistance of counsel. Petitioner cites the following three errors of counsel:

(a) failure to file proper motion to quash information.

(b) calling petitioner a "wise ass" and a "son of a bitch" in closing argument.

(c) failure to object to jury selection outside the presence of the trial judge.

Petitioner must meet a heavy burden to show he was denied his Sixth Amendment right to effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court created a two-part test that a petitioner must meet.

First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable.

466 U.S. at 687, 104 S.Ct. at 2064. Petitioner must show the assistance he received from counsel "fell below an objective standard of reasonableness." 466 U.S. at 688, 104 S.Ct. at 2064. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id.*

■ The court approves and adopts Administrative Magistrate Leomporra's determinations that counsel's failure to file a motion to quash allegedly defective bills of information (Report and Recommendation, p. 6)[1] and counsel's failure to object to the selection of the jury outside the presence of the trial judge do not rise to the level of unconstitutionally ineffective assistance of counsel under the *Strickland* standard.[2]

■ Petitioner claims that his counsel referred to him as a "son-of-a-bitch" and a "wise-ass" during closing argument and this deprived him of the effective assistance of counsel. Trial counsel, Wallace A. Murray, Jr., Esquire, in explaining his reasons for arguing as he did, stated that petitioner had created a very unfavorable impression at trial and appeared "totally obnoxious, contemptuous, pugnacious and very angry in general. His conduct in the witness box alienated everyone in the room ... I was extremely concerned about the negative impression that Jeffrey Cowgill had made and I strained to try to neutralize that impression. I pointed out to the jury that even if they disliked certain of his personal characteristics and even if they disliked him in general he was not on trial for being obnoxious, rather he was on trial for rape and other lesser offenses which they should clearly keep in mind." Memorandum at 2.

The use of obscenities during closing argument is not an acceptable trial tactic; the court does not accept trial counsel's explanation for the use of obscenities. The court agrees that it was proper for counsel to attempt to counteract any bad impression made by petitioner by reminding the jury of the narrow issue that it was to decide. But a review of the trial transcript reveals no instance of the petitioner himself using obscene language. Even if trial counsel were trying to counteract the perceived bad impression that petitioner had made on the jury, the use of obscenities in reference to his criminal defendant client falls below the objective standard of reasonableness adopted by the Court in *Strickland. Cf. Illinois v. Allen*, 397 U.S. 337, 347, 90 S.Ct. 1057, 1062–63, 25 L.Ed.2d 353 (1970).

■ Nonetheless, petitioner has failed to meet his burden of showing that this failure of his counsel resulted in prejudice to him. A review of the trial transcript reveals that petitioner was convicted on the basis of testimony by the victim, corroborated by medical evidence[3] and evidence of the victim's behavior after the rape. The jury found the victim's version of the incident credible and was convinced beyond a reasonable doubt of petitioner's guilt. Such a determination was supported by the weight of the evidence. On the record as a whole, counsel's use of obscene language to make an otherwise acceptable argument did not prejudice petitioner's cause or deprive him of a fair trial. Had counsel not referred to petitioner in such unflattering terms, it is not reasonable to conclude that the result would have been different.

---

1. Petitioner is not challenging a perceived error by the state court, but rather the failure of his counsel to raise that issue before that court. But this court could not find ineffective assistance without determining the validity of the bills of indictment because failure to raise the issue could not be prejudicial unless raising the issue would have made a difference. Counsel is not ineffective in assisting under the federal Constitution unless the failure of counsel to do something prejudiced the ultimate outcome. In this case had counsel filed a motion to quash the bills of indictment as defective, that motion would properly have been denied.

2. In his objections to the Administrative Magistrate's Report and Recommendation, petitioner, apparently for the first time, avers that one of the members of the petit jury was deaf and that members of the jury panel were tainted by comments made by a former employee of the district attorney's office. While the court denies petitioner's claim that he was denied ineffective assistance of counsel, the court expresses no view on whether he was denied his Sixth Amendment right to trial by jury. Before this court could determine whether petitioner has a claim cognizable under 28 U.S.C.A. § 2254, petitioner would have to present this claim to the courts of the Commonwealth of Pennsylvania. *See Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971); *Brown v. Cuyler*, 669 F.2d 155, 157 (3d Cir.1982); 28 U.S.C. § 2254(c).

3. The medical evidence included scars from bite marks. The victim stated that petitioner had bitten her during the rape. Petitioner testified that he had not inflicted bite marks during their consensual sexual act.

Petitioner's claim that he was denied effective assistance of counsel is therefore without merit. The petition for writ of habeas corpus will be denied without an evidentiary hearing. There is no probable cause for appeal.

An appropriate Order follows.

### ORDER

AND NOW, this 27th day of August, 1987, upon consideration of the petition for writ of habeas corpus, the pleadings and record herein, the Report and Recommendation of Administrative United States Magistrate Tullio Gene Leomporra, and petitioner's objections thereto, and for the reasons stated in the foregoing Memorandum it is ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED as stated in the Court's Memorandum.

2. The Petition for Writ of Habeas Corpus is DENIED and DISMISSED without an evidentiary hearing.

3. There is no probable cause for appeal.