Robert **MADDOX**, Plaintiff,

v.

**UNITED STATES PAROLE COMMISSION**, Defendant.

No. 88 C 7257.

United States District Court, N.D. Illinois, E.D.

Jan. 11, 1989.

Robert Maddox, pro se.

Anton R. Valukas, U.S. Atty. by Michele E. Smith, Asst. U.S. Atty., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

Pursuant to 28 U.S.C. § 2241, plaintiff Robert Maddox filed this habeas corpus action against the United States Parole Commission ("the Commission"). The Commission granted Maddox parole from the Metropolitan Correctional Center on September 16, 1984. Originally, no special conditions were attached to Maddox's parole. However, on July 30, 1987, the Commission decided to condition Maddox's continued parole on his participation in a drug after-care program. The Commission's decision to add drug treatment as a condition of Maddox's parole was based on information it received through Maddox's probation officer. The probation officer had learned that Maddox was using cocaine and exhibiting aberrant behavior.

In his habeas petition, Maddox requests this court to release him from probation or, alternatively, to eliminate the requirement that he participate in the drug treatment program as a condition of his parole. Maddox claims he is entitled to such relief because conditioning his parole on participation in the drug program is unconstitutional in two respects. First, Maddox claims that he was denied due process because he was not properly notified of the proposed condition in advance. Secondly, Maddox claims that the procedures used to administer the drug treatment program— specifically, the taking of his urine samples —also violated his fifth amendment rights.

■ The court rejects Maddox's arguments and finds that Maddox is not entitled to release from parole or removal of the special condition placed on his parole. As a preliminary matter, the court finds that Maddox has standing to assert a habeas claim. A prisoner who has been placed on parole is still "in custody" within the meaning of 28 U.S.C. § 2241. *Mabry v. Johnson*, 467 U.S. 504, 506 n. 3, 104 S.Ct. 2543, 2546 n. 3, 81 L.Ed.2d 437 (1984); *Swanger v. Zimmerman*, 750 F.2d 291, 293 n. 1 (3d Cir.1984). The grounds which Maddox asserts to support his habeas claim, however, are unfounded. Maddox's claim that he was not given proper notice of the condition on his parole is belied by the fact that he submitted a written objection to the proposed condition prior to its taking effect. The Commission's order implementing that condition was executed on July 30, 1987. Three weeks earlier, on July 9, 1987, Maddox had written a letter addressed to the Commission containing the following caption: "Re: Objections to Proposed Modification of Parole." This letter clearly evidences that Maddox had received notice of the proposed condition on his parole at least ten days before it officially became effective. Thus, the notice requirements outlined in 18 U.S.C. § 4209(d)(1) for modifications of parole were met. In addition, although Maddox complains that his probation officer had requested him to submit urine samples well before the Commission formally modified his parole, there is no indication that these requests were tantamount to a formal condition or modification of parole by the Commission. Therefore, the § 4209(d)(1) notice requirement is not applicable to the probation officer's requests.

■ Finally, with regard to Maddox's complaints concerning the procedures by which urine samples were taken, this court finds nothing to substantiate Maddox's al-

legations that his constitutional rights were violated. The procedures Maddox describes, even if accurately depicted, conform with principles of due process. Accordingly, Maddox's petition for a writ of habeas corpus is denied.